Curia.

The first question arises on the competency of *jRichards, the witness. It is objected, that he is liable to the plaintiff, in case this action should fail, and, therefore, is directly interested in the event of the suit. The facts disclosed in his testimony are to be considered as if they had come out on his examination upon the voir dire. No rule of evidence is better established than the sufficiency of the objection of interest to the competency of a witness. But the exception from the rule, that agents and factors are admitted, from the necessity of the thing, is as well known as the rule itself, [† Richards was the general agent of the plaintiff in this transaction. He received the order of the defendant in that character. The plaintiff, by ratifying his act, made the transaction his own ; and, at the same time, discharged the witness of all liability to him.
It is further objected, that, if the evidence of Richards is competent, still it does not show a right of action in the plaintiff. The plaintiff in fact paid the consideration, and made the bargain, through his agent. The posterior adoption and ratification of his agent’s conduct, in giving the credit to the defendant, and receiving the order in payment, was equal to a previous authority. He may well declare on the order, stating himself to be the bearer. This objection cannot prevail.

Judgment on the verdict.

 See Greenleaf on Evidence, § 416, and cases cited.— Ed.]