## JUDKINS vs. LANCEY.

Where an agent, appointed by parol, paid the money of his principal to the credi-
tor of the latter, in part payment of the debt; but took the creditor's receipt and
promise in writing to account for the money to the agent himself; and the cred-
itor afterwards demanded and received payment of his whole debt from the debt-
or, without any deduction or allowance of the sum thus paid;—it was held, in
an action brought by the principal against the creditor to recover back this sum,
that the agent was a competent witness to prove the fact of his appointment, the
extent of his authority, the terms of the contract with the creditor, and that his
agency was known to the latter.

Held further,—that this testimony did not fall within the class which is inadmissi-
ble as contradicting the terms of a valid written contract, but it went to show
that the writing was of no force when made, for want of authority in the agent
to make it.

THIS cause, which was *assumpsit* for money had and received,
came before the Court upon exceptions taken by the defendant to
the opinion of *Ruggles J.* before whom it was tried in the court be-
low.

The plaintiff, at the trial below, offered his son *E. H. Judkins,*
as a witness; who testified that in *October,* 1828, he let the defen-
dant have a promissory note against one *Young* for something more
than twenty dollars, which he had received for the price of a yoke
of the plaintiff's oxen, sold by himself to *Young;* that the defen-
dant paid him for part of the value of the note, leaving twenty dol-
lars still due ; which they agreed should be accounted for or allow-
ed in part payment of a larger sum due from the plaintiff to the de-
fendant, by promissory note, which became due in *January* follow-
ing.   He also testified that he acted in the whole matter as the
agent of the plaintiff; that the oxen were sold to *Young* by the
plaintiff's directions, in order to provide funds to meet the payment
of his note due to the defendant ; that the capacity in which he act-
ed was known to the defendant ; and that the latter gave him a re-
ceipt for the twenty dollars, which he had delivered over to the
plaintiff.   This receipt being called for, was produced ; and ran

thus : "Received of *E. H. Judkins* twenty dollars in a note against *Samuel Young*, and agree to account to him for the same in sixty days." It appeared that the defendant had subsequently demanded and received of the plaintiff the full amount of his note, without deducting the twenty dollars.

The counsel for the defendant objected to the admission of this testimony to vary or control the terms of the receipt. But the Judge admitted it; and instructed the jury that if they believed that the defendant knew that the note against *Young* was the property of the plaintiff, and that *E. H. Judkins* was his agent; and if they also believed the testimony of the witness respecting his agreement with the defendant, the plaintiff was entitled to recover. To which the defendant excepted ; the jury having found for the plaintiff.

*H. Warren*, in support of the exceptions, argued that the receipt was, in effect, a promise to pay money ; not a mere acknowledgment of having received it ; but an agreement to account for it by a fixed day ; and that it was plain and unambiguous. The testimony of the plaintiff's son went to contradict this written contract, and destroy its effect, by substituting another contracting party, and thus depriving the defendant of his right of set off ; in violation of a well settled rule of law. *Stackpole v. Arnold*, 11 *Mass.* 27 ; *Mayhew v. Prince, ib.* 54 ; *Arfridson v. Ladd*, 12 *Mass.* 173 ; *Delande v. Amesbury Man. Co.* 7 *Pick.* 244 ; *Brown v. Gilman*, 13 *Mass.* 161 ; *Small v. Quincy*, 4 *Greenl.* 497.

*Allen*, for the plaintiff, cited *Lyman v. Clark*, 9 *Mass.* 235 ; *Ford v. Clough, Lincoln, May* term, 1832 ; *Wilkinson v. Scott*, 17 *Mass.* 249.

PARRIS J. delivered the opinion of the Court at the ensuing term in *Penobscot.*

The nature of the transactions in which agents are engaged, being frequently such that the contracts they make for others cannot be proved without the agent's testimony, they are considered as competent witnesses on the ground of necessity. It is the constant practice to admit them to be witnesses for their principals, in order

to prove contracts made by them ; and every person who makes a contract for another is an agent within the meaning of the rule. 1 *Phil. Ev.* 99. By their own testimony they may prove their agency, excepting where the appointment was in writing ; and, with few exceptions, may be called as witnesses generally, either for or against their principals. *Fisher v. Willard,* 13 *Mass.* 379 ; 2 *Stark. Ev.* 54.

*Ebenezer H. Judkins* was, therefore, a competent witness. By his testimony it was proved that the oxen sold to *Young* were the plaintiff's, and were sold by his direction to raise money to pay the defendant's note ; that the defendant received the note against *Young,* knowing that it was the plaintiff's property, and with the full knowledge that the witness acted as the plaintiff's agent.

It is incumbent on a party dealing with a special agent to inquire and ascertain the extent of his authority. *Chitty on Contr.* 58 ; *Schimelpennick v. Bayard,* 1 *Pet.* 290. Now whatever might have been the tenor of the defendant's promise, whether to account with the plaintiff or the witness, if the *Young* note was actually the plaintiff's property and the defendant knew it, and also knew that it was entrusted to the witness as an agent appointed for the special purpose of negotiating with the defendant in payment of his note against the plaintiff, the defendant could not acquire an interest in the *Young* note in any other manner than that prescribed to the agent by his principal. An agent constituted for a particular purpose and under a limited power cannot bind his principal, if he exceed his power. It is well settled law that whoever deals with such an agent, deals at his peril, when the agent passes the precise limits of his power. 2 *Kent's Com.* 484. Any contract, therefore, which the defendant might have made with the plaintiff's agent, could not so avail him as to defeat the plaintiff's rights. Even a note taken in the name of the agent, if identified as taken for the goods of the principal, may be recovered by him as his property. *Thompson v. Perkins,* 3 *Mason,* 241.

It has been shown that the witness was competent to prove his agency, and if so, then to prove whether it was general or special,

He was also competent to prove that he notified the defendant of his agency and its character, and of the plaintiff's interest in the note; and when once these facts are established, as they were, no arrangement which the agent and defendant could make would divest the plaintiff of his interest in the note, unless such arrangement conformed to the power under which the agent acted.

The principle recognized in the cases cited by the defendant's counsel is that where one contracts as agent for another, if he would avoid being personally liable, the contract itself must shew the character in which he contracts, and that he does not intend to bind himself. But no case has been cited which sanctions the contract of an agent made in violation of his authority to the prejudice of his principal, where the person contracted with had knowledge that the agent's powers did not authorize such contract.

It is to be kept in mind that this action was not brought on any written contract, and that no attempt was made to vary or explain such a contract by parol evidence. The parol evidence was offered to prove the plaintiff's property in the *Young* note, that the witness was the plaintiff's agent, the character and extent of the authority with which he was invested, and that the capacity in which he acted was known to the defendant. These facts might be inconsistent with the contract actually made between the witness and defendant, but they go not to vary or explain that contract, but only to show that the witness was not authorized, as the plaintiff's agent, to make it. The receipt was offered in evidence by the defendant, and so far as it had a tendency to contradict or throw suspicion on the testimony of the witness it was properly offered, but that it could uncontrollably bind the rights of the plaintiff is not admitted.

The decision of *Snow v. Perry*, 9 *Pick.* 539, depended upon principles applicable to this case. *Perry* sent bank bills by a special agent to pay *Snow* a note which he held against *Perry*, with directions to the agent to see them endorsed on the note or take a receipt for the same. The agent took *Snow's* receipt promising to endorse the bills on the note, or return them when called for. The agent was permitted to testify that *Snow*, who was from home when

he received the bills, promised to endorse them on the note when he should return home at evening. The court held that the agent, in taking a conditional receipt, exceeded his authority, and that the acceptance of the bills by *Snow* was to be considered as payment of the note.

In the case at bar, the receipt was surely calculated to produce doubt of the correctness of *Ebenezer H. Judkins's* testimony relating to the particular agreement between him and the defendant, and consequently to weaken the force of his testimony upon other points. But the Judge submitted all these considerations to the jury, where they properly belonged. His instructions were even more favorable for the defendant than he could have properly requested. The jury were instructed, substantially, not to find for the plaintiff unless they believed the defendant knew that the note against *Young* was the property of the plaintiff, and that *Ebenezer* was acting for and as agent of the plaintiff, and also believed the testimony of *Ebenezer* as to his agreement with the defendant. If there be any cause to complain of the instructions of the Judge, it is with the plaintiff, for the latter clause, from which the jury might, perhaps, infer that the plaintiff would be bound by the agreement between his special agent and the defendant, although the latter knew that the former had exceeded his authority and violated his trust.

It is not our business to reconcile the discrepancy in the testimony, or inquire into the nature of the transaction between the witness and the defendant. Whether the former has testified erroneously as to the owner of the oxen and the *Young* note, his agency and the arrangement with the defendant; or whether the receipt was improperly drawn by the defendant for the purpose of accomplishing some object not disclosed in the case, we are not called upon to decide.

The witness has testified apparently against his own interest, and proof of his testimony will protect the defendant from any action that the witness may bring on the receipt; the jury have believed him, and we do not perceive any legal ground for disturbing their verdict. *The exceptions are overruled.*