## ELIZABETH JOHNSON v. JOSEPH W. ALEXANDER.

Objections to the competency of a witness ought, generally, to be taken before he is examined in chief. A party, aware of the interest, will not be permitted to examine the witness, and then object to his competency, if he dislike his testimony.

At whatever stage of the cause (before the trial is concluded) the interest of the witness be discovered, his testimony may be excluded.

The general rule is, that if the effect of the testimony be to increase a fund in which the witness is entitled to participate he is incompetent.

The magnitude of the interest is not regarded, in estimating its effect upon the mind of a witness.

An assignment of error, that " there was error in the charge of the Court," is too general and vague.

Appeal from Rusk.  Facts in addition to those stated in the Opinion.  The petition alleged that " the said defendant repre- " sented and warranted the said mare to be sound in all re- " spects ; that the said representations were false and fraudu- " lent, because," &c.  The evidence which was excluded proved the warranty.  There was no other evidence of a warranty. The defendant had represented the mare to be sound, so far as he knew ; and there was no evidence that he knew the mare was unsound.  The mare had died with the blind staggers the next day after the sale.  The plaintiff was the mother of Julia and Martial C. Johnson, and had given her own note for the

mare, upon which the assignee had recovered judgment. The estate was solvent.

*M. Casey*, for appellant. The Court erred in excluding the deposition of Julia Johnson. There were no cross interrogatories to ascertain her interest in the event of the suit, and she was the best witness herself to answer as to her interest; and this is the mode pointed out by the statute. (See Hart. Dig. Art. 729.)

Her interest was too remote to render her incompetent. The plaintiff having executed her own note for the mare, was personally liable, and the estate of Julia Johnson's father could not be made liable for the payment of the price of the mare. Had the mare lived, the plaintiff could at any moment sell her and appropriate her price to her own separate use, and the heirs or legatees of the estate could interpose no valid claim. The fact that the mare would be worked to produce a crop which would contribute to the support of the family, could be no objection to the testimony of a son or daughter, a member of that family. When the interest of the witness is remote or contingent, that interest only goes to the credibility, not his competency. (1 Greenl. Ev. Sec. 394, 389.)

Then if it was error to exclude the depositions of Julia Johnson, it was also erroneous to exclude the testimony of Martial C. Johnson for the same reasons, his testimony having been heard without objection until after he had testified, and his interest, if any, being the same.

The Court erred in charging the jury that, "if they shall believe from the testimony that defendant knew nothing of the "unsoundness of the mare they must find for him, defendant."

A man may warrant the soundness of an article, although he knew nothing of its unsoundness, and be liable on such warranty. "The defendant's knowledge of the defect or bad quality of the goods need not be proved." (Chitty on Con. 368.)

*Lewis & Flanagan*, for appellee.

HEMPHILL, CH. J. This action was brought by appellant, for breach of warranty in the sale of a mare. At the trial the plaintiff read in evidence, without objection, the deposition of Julia Johnson; and the testimony of Martial C. Johnson on behalf of plaintiff, was also permitted to go to the jury without objection. This witness (upon perhaps cross examination, though it is not so stated in the statement of facts,) then said that Julia Johnson was a legatee of her father's estate, and had not received her portion of said estate; that the estate was to be kept together (as directed by the will) until the youngest child, then about eight years old, should come of age; that if the plaintiff recovered in this suit, the fund would be considered as belonging to the estate; that the mare was purchased for the estate; that the estate was to be divided after the youngest child became of age; that the witness lived with his mother, and would be entitled to a distributive share of the property. After this evidence, a motion to exclude the deposition of Julia Johnson was refused, on the ground that they had been received without objection. One of the counsel for defendant then made oath that he did not know that the Julia Johnson, named in the depositions, was a legatee of the Johnson estate; that he did know there was a Julia Johnson legatee of said estate, but it did not occur to him when the depositions were read. The other counsel of defendant knew nothing about the matter, one way or the other. On this showing, the Court excluded the deposition, on the ground that the witness was a legatee of the estate, and that a recovery would increase the fund for distribution; and the testimony of Martial C. Johnson was also excluded.

There was judgment for defendant, and the plaintiff assigns for error,

1. The exclusion of the deposition of Julia Johnson.
2. The excluion of the testimony of Martial C. Johnson.
3. Error in the charge of the Court.
4. In refusing to grant a new trial.

The plaintiff in error insists that the Court erred in the

exclusion of the deposition of Julia Johnson, for the reason,

1st. That the objection was not taken in time ;

2d. That her interest was too remote to render her incompetent.

Objections to the competency of a witness ought, generally, to be taken before he is examined in chief. A party, aware of the interest, will not be permitted to examine a witness, and then object to his competency, if he dislike the testimony. But it appears that the defendant was not apprised of the existence of this interest, until discovered on the examination of Martial C. Johnson. His objection then made was not too late. It is a general rule, that at whatever stage of the cause, (before the trial is concluded,) the interest of the witness be discovered, his testimony may be excluded. (6 Johns. R. 523 ; 13 Mass. R. 379 ; Cowen & Hill's notes, Part 1, note 113, p. 154; 1 Greenl. Ev. § 421 ; 2 Swanston, 400.) There was no error in excluding the deposition, on the ground that the objection was not taken in time.

Nor was there error on the ground of the remoteness of the interest. The evidence is positive, that the fund, if recovered, would belong to the estate ; that the mare was purchased for the estate, which was to be kept together until the youngest child came of age ; then distributed. There was no showing to the contrary ; that the witness was mistaken, and that the damages, if recovered, would be for the personal advantage of appellant, and not to increase the funds of the estate. The interest of the witness, though small, was certain, and was therefore a fatal objection to the admission of her evidence. The general rule is, that if the effect of the testimony be to increase a fund in which the witness is entitled to participate, he is incompetent. (Cowen & Hill's notes, Part 1, p. 95, note 84 ; 1 Greenl. Ev. § 391, and the authorities cited.) On this ground a creditor of an estate is inadmissible as a witness, to increase or preserve the fund out of which he may be benefited, and the same rule applies in the case of legatees, heirs or distributees.

The interest of the witness, in this case, is apparently remote,

but magnitude of the interest is not regarded in estimating its effect upon the mind of the witness. The estate may not be distributed, in fact, until the youngest child arrives at maturity, but there are contingencies on which at an earlier period it might be distributed. But whether the division be sooner or later, the interest of the witness is of that direct and certain character, which operates as a disqualification.

The policy or impolicy of the rule which allows the existence of an interest to go to the competency and not the credibility of a witness, is a subject which the Legislature may perhaps deem it advisable to take into consideration. Several of the States have abolished the rule that the objection of interest should render the testimony of the witness inadmissible. But it is our province to decide the law as we find it; and by its established rules, there was no error in excluding the evidence of Julia Johnson. And the same rule applies to the evidence of Martial C. Johnson.

The assignment, that there was error in the charge of the Court, is too general and vague. But waiving this, and examining the brief for the specification of the error, we are of opinion that there was none in charging, that if the jury believed from the testimony, the defendant knew nothing of the unsoundness of the mare, they should find for the defendant. This charge would have been erroneous, and inapplicable, had the evidence of Julia and Martial Johnson not been excluded. But it was appropriate to the facts in evidence after the testimony of the Johnsons was rejected.

We are of opinion that there was no error in the judgment, and that the same be affirmed.

Judgment affirmed.