## H. F. DUNSON ET AL. v. J. F. PAYNE.

1. BILL OF REVIEW—PROBATE MATTERS.—A petition to revise a settlement account of an administrator must be filed within two years from the action of the probate court, and with it must be filed a copy of the proceedings sought to be revised, or it must contain the substance of the matters sought to be corrected.
2. PLEADINGS—PARTIES.—The petition in such case should distinctly show the character in which the plaintiff brings suit.
3. PRACTICE IN PROBATE MATTERS.—If an administrator advance money toward claims or expenses allowed by the law, and funds come to his hands after such payment, he can retain sufficient funds to reimburse him for the payments.

4. Assignment of errors.—Where the charge of the court is assigned as error, on appeal the precise point in the charge should be indicated in the assignment of errors.

Appeal from Colorado. Tried below before the Hon. Livingston Lindsay.

September 10, 1872, H. F. Dunson, Sallie A. Dunson, H. Z. Payne in their own right, and H. F. and Sallie Dunson as the legal guardians of Cleaveland and Nannie Windrow, and as the natural guardians of Laura and Frank Dunson, styling themselves "the heirs and distributees of the estate of C. Windrow, deceased," brought suit against Josiah F. Payne. The petition alleged that the petitioner, Sallie A. Dunson, and defendant, Josiah F. Payne, jointly administered the estate of C. Windrow, deceased, having qualified in such administration August 25, 1862; that defendant took the management of the estate, collected and disbursed the money according to his own judgment; that in the fall of 1865 the said J. F. Payne, as administrator, rendered his report of the condition of the estate, in which he represented that he had received from different sources the sum of $8,509.88, of which $693.95 was specie and the balance was Confederate States notes; and that he had expended the sum of $4,145.88 for taxes, support of family, and attorney's fees, leaving a balance of $4,354, in Confederate States notes and Texas State bonds, in his hands; that on the same day the said administrator presented an account for the sum of $2,500 for sundry amounts advanced in costs for taxes and support of family, which amount said J. F. Payne took out of the assets of the estate in par funds on the note of one Z. Payne to said estate, which was good; that said administrator filed no vouchers in support of his claim for money paid out or for the amount claimed to have been advanced by him for the estate; that said administrator always had ample funds of the estate in hand to defray the expenses of the family and pay taxes; and that if any funds had ever been so advanced they were in Confederate

States notes; that his taking legal assets for said advances was without authority of law, and rendered him liable for the value of such assets; that said J. F. Payne had never accounted for the coin so received, and that he is liable therefor, and for the $2,500 by him retained in a note on Z. Payne and belonging to the estate, and legal interest from 25th September, 1865; that at the date last named, said J. F. Payne obtained an order of the Probate Court to resign his trust as administrator of the said estate, and that from that date he had ceased to act as such; that he never filed an account of final settlement, nor vouchers showing his disbursements, but was permitted to resign without making any such showing; that after his resignation he retained the sum of $2,500 in the notes of Z. Payne, which were good and solvent, belonging to the estate. Judgment was asked for all sums of money which came to the hands of defendant belonging to the said estate not accounted for, interest thereon, and costs of suit.

Defendant demurred generally and excepted to the petition, because a transcript of the settlement account from the Probate Court was not filed with the petition. Answering, defendant pleaded general denial, and specially set up a settlement of his account; and that he had expended for the family the amount claimed in his settlement account; and that the specie collected had been used by the widow of deceased for family supplies, she being administratrix, &c.

The demurrer and exceptions were overruled. The plaintiffs asked the court to instruct the jury, (1) "that the administrator is not authorized by law to create a debt against the estate of which he is the legal representative; (2) that if the jury believe that the defendant retained or obtained specie or par assets of the estate of C. Windrow, in payment of a debt of Confederate notes, the plaintiffs are entitled to recover the amount so received, and interest from the receipt until this date."

Which were refused. Verdict and judgment for defendant, and plaintiffs appealed.

The errors assigned are—

"1. The court erred in its charge to the jury.

"2. Refusing the charges asked by plaintiffs' counsel.

"3. Because the jury were misled by the charge of the court.

"4. The verdict of the jury is contrary to the law and the evidence.

"5. The court erred in refusing to grant a new trial."

The evidence not being discussed by the court, the testimony is not given.

*F. Bernard,* for appellants, cited McMahan v. Harbert's Adm'r, 35 Tex., 451; Kleberg v. Bonds, 31 Tex., 611; Gillmore's Adm'r v. H. F. Dunson, 35 Tex., 435; Walters v. Prestidge, 30 Tex., 66.

*R. V. Cook* and *W. S. Delany,* for appellee, cited the following authorities: Latham v. Selkirk, 11 Tex., 321; Carter v. Carter, 5 Tex., 102; Cotton v. Campbell, 3 Tex., 495; Ward v. Bledsoe, 32 Tex., 253; Seawell v. Lowery, 16 Tex., 51.

IRELAND, ASSOCIATE JUSTICE.—The demurrer to plaintiffs' petition should have been sustained. The petition is clearly an attempt to review the final account of defendant, as administrator, and his discharge from the admistration by the Probate Court.

The final account was rendered in 1865, and defendant was then discharged from the administration and his account approved, after presentation of vouchers, as shown by the judgment of the Probate Court. The present law went into operation the 15th of August, 1870, and this suit was filed 16th September, 1872.

Article 5792, Paschal's Dig., requires such suits to be

brought in two years. This objection could be raised by demurrer. (Alford *v.* Cochrane, 7 Tex., 487.)

As a suit under the probate law of 1848 it was defective in not having attached a copy of the Probate Court proceedings sought to be reviewed.

We do not hold that it would not be sufficient, especially on general demurrer, if the petition set out in substance all the matters sought to be corrected, but that is not done in this case.

It is only inferentially shown in what capacity the plaintiffs sue. It is not shown or alleged that the original administratrix had even resigned or been discharged. She could have brought suit or taken steps to have had the account of defendant corrected at any time. The charge asked by the plaintiffs was properly refused.

The general proposition is correctly asserted, that an administrator cannot create a debt against the estate, but if it is meant to be asserted that where an administrator pays out money in cases when the law allows him to do so, and that he cannot thereafter retain money that may come to his hands to reimburse himself, the proposition cannot be admitted. There is nothing in the evidence to warrant the court in giving the charge embraced in the second clause of the charge requested by plaintiffs, and it was not error to refuse it.

This court has often announced the rule, that to assign the charge of the court as error, in general terms, is too general and indefinite to be noticed.

If the charge is complained of, the precise error must be pointed out. (Johnson *v.* Alexander, 14 Tex., 386 ; Elliot *v.* Mitchell, 28 Tex., 112.)

The evidence appears to support the verdict, and we see no error in the record for which the judgment ought to be reversed, and it is therefore affirmed.

AFFIRMED.