LIZZIE CAMPBELL v. H. & T. C. R. R. Co.

(No. 112.)

EXEMPLARY DAMAGES.— The law giving surviving relatives actions for actual and exemplary damages is statutory.

SAME — AVERMENTS.— In order to recover for exemplary damages the plaintiff must set up, by proper averments, facts which, if true, entitle him to such damages.

SAME — CHARGE OF COURT.— And where the plaintiff's petition was brought for actual damages only, and not for exemplary damages, the court should confine its charge to the former, and abstain from charging the law applicable to the latter. It is error to charge upon an issue not made by the pleadings.

APPEAL from Ellis county. Opinion by WALKER, P. J.

STATEMENT.— The appellant brought this suit against the appellee for $10,000 as damages for causing the death of her husband in running over him on its track. The petition alleged that at that time her husband was thus killed through "the negligence" of the officers of the railroad company, and her petition says: "Wherefore, petitioner says she is damaged in her feelings, happiness and business in the sum of $10,000."

The petition made no other allegations as to the circumstances and facts than the foregoing as a basis for exemplary damages. Plea, general issue, jury. The judge charged the jury on all the material questions of law in-

volved under the pleading and evidence essential to ascertain the grounds of the defendant's liability for injuries such as the plaintiff complains of, which portion of the charge is not complained of. The court proceeded then in its charge, and stated to the jury as follows: " If the evidence satisfies you that the plaintiff was the wife of the deceased at the time of his death, and that his death was the result of the negligence of the servants of the defendant in running its engine and cars, then you will find for the plaintiff such damages as the proof shows she has sustained by reason of the loss of her husband. If no actual damages have been proven in this case, the plaintiff cannot recover anything under her pleadings."

The court instructed the jury also as to the burden of proof in cases where the injury occurs elsewhere than at the crossings of railroads; and concluded by instructing them, if they found for plaintiff, to say so in their verdict, and to determine the amount, and if they found for defendant to say so in their finding.

The injury occurred at a point on the road between where there were crossings, and in such case the court charged that the burden was on the plaintiff to establish a want of care on the part of the defendant. Verdict and judgment for the defendant. Plaintiff filed a motion for a new trial, which was overruled; the grounds were:

1. Because the charge of the court was contrary to the law and facts in the case.

2. Because the court failed to charge the law as to exemplary damages allowed the plaintiff under the constitution and laws of Texas.

3. Because the court failed to charge the law as applicable to the case on negligence.

The plaintiff assigns as error:

1. The court erred in the charge to the jury as pointed out in the motion for a new trial.

2. In refusing to grant a new trial.

OPINION. — The assignment of errors requires of us the consideration of but one single legal proposition, and that one is whether the court erred in "failing to charge the law as to exemplary damages." The appellant's first ground of error refers us to the motion for new trial to indicate the subject of her complaint against the charge of the court, and the second ground of that motion presents the question above suggested. The two other grounds for new trial, although they relate to supposed errors in the charge, do not, in even a general way, point them out; and the assignment of errors, so far as it relates to the first and third grounds of that motion, will not be noticed. Elliot v. Mitchell, 28 Tex., 105; 46 Tex., 331; 14 Tex., 382; 46 Tex., 31; id., 585.

The court did not err in failing to charge the law as to the application of the rules of law of exemplary damages. The charge of the court must correspond with both the *allegata* and the *probata*. Smith v. Montes, 11 Tex., 24; Hughes v. Lane, 25 Tex., 356.

There was not in the evidence the least intimation of any act of commission or omission on the part of the agents of the defendant whereupon to charge the death of Campbell as having resulted from either its wilful commission, or that it was induced by a wilful omission of duty on their part, or from gross negligence or malice. The existence of some one of those, or of elements kindred to them, must have existed in order to warrant the recovery of exemplary damages. Indeed, the plaintiff's petition made no allegations charging that the homicide was committed by the " wilful act or omission " of the defendant's officers or agents. In actions of this character, at the time of the accrual of plaintiff's right of action, if any existed, the constitution of 1869, section 30, General Provisions, provided that: " Every person, corporation or company that may commit a homicide through wilful act or omission shall be responsible in exemplary damages to the surviving husband, widow, . . . without regard to any criminal pro-

ceeding that may or may not be had in relation to the homicide." There existed at the same time in force the previous act of the legislature. P. D., arts. 15, 18.

The act referred to provided for actions in cases of homicide, giving compensatory damages only. The constitutional provision above quoted was cumulative of the remedy afforded by the act of the legislature (see Railroad Co. *v.* Le Gierse, 51 Tex., 203), and it introduced into its terms the distinct and essential ingredients which shall entitle the injured party to the benefit of its provisions; the homicide must have been effected by a " wilful act or omission."

The common law gave no action whatever for damages in such case to the surviving relatives; and a party setting up a cause of action under either or (in the same suit) both kinds of damages must do so by alleging such facts as will entitle him to the one or the other respectively, or to both, if he sues to recover both. Neither the one kind nor the other being given by the common law, the plaintiff acquires his right of action for the damages he claims, by the terms of that law which sanctions its recovery. In order to recover in actions of this character, the plaintiff must frame his petition for exemplary damages with reference to the distinguishing elements which characterize it; he must set up by proper averments facts which, if true, entitle him to such damages. Railroad Co. *v.* Le Gierse, 51 Tex., 203; and see Wallace *v.* Finberg, 46 Tex., 35.

The plaintiff's action, tested by the foregoing rule, was brought for the recovery of actual damages only, and not for exemplary damages. The court, therefore, properly confined its charge to actual damages, and correctly abstained from charging the law applicable to exemplary damages. The charge must conform to the pleadings. Watts *v.* Johnson, 4 Tex., 311; Smith *v.* Sherwood, 2 Tex., 460.

It must agree, too, with the evidence in the case. Austin *v.* Talk, 20 Tex., 164; Andrews *v.* Southwick, 30 Tex., 111; Corzine *v.* Morrison, 37 Tex., 511. It is error to charge

upon an issue not made by the pleadings. Markham *v.* Caruthers, 47 Tex., 22.

There is nothing in the record to suggest the existence of any such error committed on the trial as to require a further examination of it.

The verdict of the jury was warranted by the evidence, and no error of law going to the right and substantial justice of the case is apparent to us.

AFFIRMED.