R. HANDEL v. Z. KRAMER.

(No. 1397, Op. Book No. 2, p. 699.)

APPEAL from Webb County.  Opinion by WILLSON, J.

§ 826. *Assignment of errors must be specific.* If parties who appeal to this court desire the determination of questions which may be involved in the cause, such questions must be specifically pointed out in the assignment of errors in accordance with the rules governing this court, and the decisions construing the same. [See Rules for Sup. Ct. Nos. 24, 25, 26; 44 Tex. 539; id. 544; 45 Tex. 234; id. 415; 46 Tex. 51; id. 162; id. 330; id. 585; 52 Tex. 266; 53 Tex. 213; id. 540; 54 Tex. 45; id. 281; id. 641; 55 Tex. 571.]

§ **827.** *Attachment suit; reconvention in, for wrongfully suing out writ.* This suit was by attachment, and appellant, who was defendant in the suit, pleaded in reconvention for damages, alleging that the writ had been wrongfully issued, and upon the trial requested the court to give the jury the following instructions, viz.: "The jury are further instructed that the party who resorts to an attachment process does so at his peril. No belief, however firm and sincere, that the grounds set out in his affidavit are true can affect the defendant's right to recover against him the actual damages sustained, if in fact they are untrue. The defendant has pleaded in reconvention on a claim of actual damages for the wrongful suing out of the attachment; you are authorized, if you believe the attachment was wrongfully sued out, to give him a verdict for all damages sustained, not to exceed the amount claimed in his plea." The court refused to give these instructions. *Held,* these refused charges would have been applicable to and were demanded by the issues and the evidence in the case, and as legal propositions are substantially correct, and it was error to refuse to give them to the jury.

§ **828.** *Costs; judgment for, in appeal from justice's court.* In the justice's court appellee recovered judgment for $177.42. On appeal by appellant to the county court the judgment of the justice was reduced to $155.20; but the county court adjudged all the costs of both courts against appellant, without assigning in the record any reason for so doing. *Held* error. Appellant was entitled to recover the costs of the county court. [R. S. 1432.]

February 7, 1883.          Reversed and remanded.