## J. S. PERDUE V. QUEEN A. PERDUE ET AL.

No. 3276. Decided January 7, 1920.

(217 S. W., 694, 220 S. W., 322.)

**Evidence—Probate of Will—Disqualified Witness Called by Adversary.**

The proponent of a will for probate who has called as a witness an adversary who would otherwise be disqualified under article 3690, Rev. Stats., thereby makes his testimony, reduced to writing and filed in such proceeding, available to his adversaries on the trial of such case on appeal in the District Court, by the terms of article 3275, Rev. Stats. (Pp. 210, 211).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

J. S. Perdue, who had made application to probate a will in the County Court, which was refused there and also on his appeal to the District Court, appealed, and on affirmance of the judgment by the Court of Civil Appeals (208 S. W., 353) obtained a writ of error.

*Turner, Graham & Smith,* for plaintiff in error.—Frank A. Crawford being a necessary party to this suit and being one of the contestants, and being an adverse party to the appellant, is disqualified to testify for contestants, as to transactions with and statements by the deceased T. J. Crawford. Rev. Stats. art. 3690; Martin v. McAdams, 27, S. W., 255; Gamble v. Butchee, 87 Texas, 641; Brown v. Mitchell, 75 Texas, 17.

The proponent having clearly shown that T. J. Crawford about the 17th of April, 1916, made a written will executed with all the formalities and solemnities provided by law, by which he willed his entire estate to the proponent, and that T. J. Crawford was of sound mind and disposing memory at the time, and there being no controversy as to these facts, and he not being able to produce the will on the trial, and it being clearly shown that Frank A. Crawford got the will on the 8th day of May, 1916, and has held it since that time, and there being no evidence except that of Frank A. Crawford that the deceased destroyed said will, either by himself or with the assistance of the witness Frank A. Crawford, proponent makes the proposition that such evidence of Frank A. Crawford is illegal and that there is not a scintilla of evidence to prove the revocation of said will. McMonigal v. State, 45 S. W., 1038; Mitchell v. McLaren, 51 S. W., 269; Umscheid v. Schulz, 84 Texas, 265; McElroy v. Phink, 76 S. W, 753.

Our statute provides how a written will may be revoked and it can be revoked in no other way. Revised Stats., article 7859;

Kennedy v. Upshaw, 64 Texas, 411; s. c., 66 Texas, 442; Morgan v. Davenport, 60 Texas, 230-37; Evans v. Evans, 186 S. W., 816.

*Wheeler & Wheeler, S. F. Caldwell,* and *Mahaffey, Keeney & Dalby,* for defendants in error.—The court did not err in permitting the appellees to prove by the testimony of Frank A. Crawford, which had been introduced, reduced to writing, and thus perpetuated by appellant in the County Court, that the will sought to be probated by appellant was destroyed by T. J. Crawford in his lifetime, in the presence of Frank A. Crawford, by tearing and burning the same. Ivy v. Ivy, 51 Texas Civ. App., 397; Lester v. Hutson, 167 S. W., 333; Sess v. Griffith, 40 S. W., 930; Borg Inv. Co. v. Fette, 44 S. W., 754; Rice v. Waddell, 67 S. W., 605; Tomlinson v. Ellison, 16 S. W., 201; Thomas v. Irvin, 16 S. W., 1045; 12 Ency. of Evidence, 1011; Martin v. McAdams, 87 Texas, 225; Symond v. Middleton, 51 Texas Civ. App., 531; Vernon's Sayles' Texas Civ. Stats., arts. 3273, 3275; Beeks v. Odom, 70 Texas, 183; Prather v. McClellan, 76 Texas, 574.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a proceeding to probate an instrument, which could not be produced in court, as the will of J. T. Crawford, instituted by plaintiff in error, who was named in the instrument as sole devisee and independent executor, without bond. J. T. Crawford left no wife nor children nor descendants of children; and, his brothers and sisters and all other persons who could take an interest in the estate of J. T. Crawford, if he died intestate, were joined as defendants in plaintiff in error's application to probate said instrument. Among these defendants was Frank A. Crawford, a brother of the deceased.

The County Court refused plaintiff in error's application to probate the instrument, and the same judgment was rendered on plaintiff in error's appeal to the District Court.

On the trial in the County Court, Frank A. Crawford was called to testify by plaintiff in error, and his testimony in open court was committed to writing, and subscribed by the witness, and filed by the clerk, as required by article 3273 of the Revised Statutes of 1911.

Among other things, Frank A. Crawford testified that J. T. Crawford himself tore up the instrument which plaintiff in error sought to have admitted to probate, and directed the application of a lighted match to the instrument, by witness, and threw it, while blazing, into the fireplace.

On the trial in the District Court, defendants in error offered to read in evidence a certain portion of a duly certified copy of the testimony of Frank A. Crawford, wherein the witness testified to the facts above recited, as committed to writing, subscribed and

filed in the County Court, and the controlling question in the case
is whether there was error in the action of the District Court in
overruling the objections of plaintiff in error to the admission of
the evidence, on the ground that the witness was disqualified by
article 3690 of the Revised Statutes to testify, at the instance
of other defendants, to any transaction with or statement by the
deceased.

Had not plaintiff in error called the witness to testify in the
County Court and thus made applicable the provisions of article
3275, of the Revised Statutes, the terms of article 3690 would have
precluded the admission of testimony by Frank A. Crawford to
such facts as he detailed, for reasons sufficiently stated in our
recent opinion in the case of Leahy v. Timon, 110 Texas, 73, 215 S.
W., 951, and in the opinion in the case of Clark v. Briley, 193 S.
W., 422 to 424.

Plaintiff in error could not introduce testimony on the hearing of
his application in the County Court, without making it available to
any party on appeal. Such is the plain meaning of article 3275.

It is the testimony taken and reduced to writing and filed in the
County Court which is admissible under article 3275. Plaintiff in
error called the witness to give that testimony, as was his right
under article 3690, and its admission, when offered by his adversary
on the appeal, was rightly sustained by the Court of Civil Appeals.
Johnson v. Alexander, 14 Texas, 386; Hadley v. Upshaw, 27 Texas,
547; Allen v. Pollard, 212 S. W., 468.

The judgments of the District Court and Court of Civil Appeals,
are affirmed.

MR. JUSTICE HAWKINS delivered the following concurring opin-
ion.

Admission, in the District Court, of Frank Crawford's written
testimony concerning the destruction of the purported will clearly
was not repugnant to the spirit or letter of Art. 3690. Upon the
trial in the County Court that witness had been "called to testify
thereto by the opposite party," in the fullest sense, and had so testi-
fied, orally, in open court, in that cause. Compliance with Art.
3275 rendered that testimony available in a subsequent trial of the
cause in the District Court.

Consequently I concur in the decision, and in the reasoning
upon which it rests, as set out in the foregoing opinion of Mr.
Associate Justice Greenwood. But, although bound by, I am not
committed to, the applicable doctrine recently announced by this
Court in the cited case of Allen v. Pollard, 110 Texas, 109, 212 S. W.,
468. Therein the testimony of the witness Allen concerning a trans-
action with the decedent had indeed been taken by the opposite
party, but by depositions only, which he had never actually offered

in evidence.   The facts of the present case make it a much stronger one for admission of the testimony under Art. 3690.

*Affirmed.*