(110 Tex. 209)

PERDUE v. PERDUE et al. (No. 3276.)

(Supreme Court of Texas. Jan. 7, 1920.)

1. WITNESSES ☉139(9)—BROTHER INCOMPETENT TO TESTIFY THAT DECEDENT TORE UP WILL SOUGHT TO BE PROBATED.

Under Rev. St. 1911, art. 3690, on appeal to the district court in proceedings to probate a will, testator's brother would have been an incompetent witness to testify that testator himself tore up the instrument which proponent sought to have admitted to probate, had not proponent called the witness to testify in the county court, thus making applicable the provisions of article 3275.

2. WITNESSES ☉178(4) — TESTIMONY OF INCOMPETENT WITNESS INTRODUCED BY PROPONENT AND REDUCED TO WRITING ADMISSIBLE FOR CONTESTANT ON APPEAL.

Under Rev. St. 1911, art. 3275, where, in proceedings in the county court to probate a will, proponent introduced testimony of testator's brother, which testimony was committed to writing pursuant to article 3273, on appeal to the district court it was admissible on behalf of contestants, despite the incompetency of the brother as a witness under article 3690, had he not been called by proponent in the county court.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Proceeding to probate the will of J. T. Crawford, by J. S. Perdue, contested by Queen A. Perdue and others. From an adverse judgment, proponent appealed to the Court of Civil Appeals, which affirmed (208 S. W. 353), and proponent brings error. Judgments of the trial court and Court of Civil Appeals affirmed.

Turner, Graham & Smitha, of Texarkana, for plaintiff in error.

Wheeler & Wheeler and Mahaffey, Kenney & Dalby, all of Texarkana, for defendants in error.

GREENWOOD, J. This was a proceeding to probate an instrument, which could not be produced in court, as the will of J. T. Crawford, instituted by plaintiff in error, who was named in the instrument as sole devisee and independent executor, without bond. J. T. Crawford left no wife, nor children, nor descendants of children, and his brothers and sisters, and all other persons who could take an interest in the estate of J. T. Crawford, if he died intestate, were joined as defendants in plaintiff in error's application to probate said instrument. Among these defendants was Frank A Crawford, a brother of the deceased.

The county court refused plaintiff in error's application to probate the instrument, and the same judgment was rendered on plaintiff in error's appeal to the district court.

On the trial in the county court, Frank A. Crawford was called to testify by plaintiff in error, and his testimony in open court was committed to writing, and subscribed by the witness, and filed by the clerk, as required by article 3273 of the Revised Statutes of 1911.

Among other things, Frank A. Crawford testified that J. T. Crawford himself tore up the instrument which plaintiff in error sought to have admitted to probate, and directed the application of a lighted match to the instrument by witness, and threw it, while blazing, into the fireplace.

On the trial in the district court, defendants in error offered to read in evidence a certain portion of a duly certified copy of the testimony of Frank A. Crawford, wherein the witness testified to the facts above recited, as committed to writing, subscribed, and filed in the county court, and the controlling question in the case is whether there was error in the action of the district court in overruling the objections of plaintiff in error to the admission of the evidence, on the ground that the witness was disqualified by article 3690 of the Revised Statutes to testify, at the instance of other defendants, to any transaction with or statement by the deceased.

[1] Had not plaintiff in error called the witness to testify in the county court, and thus made applicable the provisions of article 3275 of the Revised Statutes, the terms of article 3690 would have precluded the admission of testimony by Frank A. Crawford to such facts as he detailed, for reasons sufficiently stated in our recent opinion in the case of Leahy v. Timon, 215 S. W. 951, and in the opinion in the case of Clark v. Briley, 193 S. W. 422 to 424.

[2] Plaintiff in error could not introduce testimony on the hearing of his application in the county court, without making it available to any party on appeal. Such is the plain meaning of article 3275.

It is the testimony taken and reduced to writing and filed in the county court which is admissible under article 3275. Plaintiff in error called the witness to give that testimony, as was his right under article 3690, and its admission, when offered by his adversary on the appeal, was rightly sustained by the Court of Civil Appeals. Johnson v. Alexander, 14 Tex. 386; Hadley v. Upshaw, 27 Tex. 547, 86 Am. Dec. 654; Allen v. Pollard, 212 S. W. 468.

The judgments of the district court and Court of Civil Appeals are affirmed.

---

☉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes