## ZINN et al. v. FARMER et al. (No. 10031.)

(Court of Civil Appeals of Texas. Fort Worth. June 3, 1922. Rehearing Denied July 1, 1922.)

1. Witnesses ⬤═159(7)—Testimony by executor as to transaction with testator held inadmissible.

In an action by the heirs against an executor, who was the son of the testatrix, for an accounting of money alleged to be due the estate, testimony by the executor that the testatrix burned up a note which he had given to her for a loan was inadmissible in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that, in actions by or against an executor, neither party shall be allowed to testify against the other as to transactions with or statements by the testator unless called by the opposite party, and that this act shall extend to actions by or against the heirs.

2. Gifts ⬤═6—Tenant in common may convey his interest without consideration.

A tenant in common can, as against his cotenants, convey his interest without consideration.

3. Tenancy in common ⬤═45—Conveyance of specified portion of joint property held not void.

A conveyance by a tenant in common of a specified portion of the joint property is not void, but voidable, by the cotenants in so far as it affects their rights, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1105.

4. Tenancy in common ⬤═44—Deed held to convey only an undivided interest of tenant in common.

A deed by a tenant in common, reciting, "my undivided one-half interest in three hundred and one acres of land out of the G. B. & No. Co. survey No. 2," followed by a description of the 301 acres by metes and bounds, was not a conveyance of a specified tract, but merely the conveyance of an undivided interest.

5. Wills ⬤═800—Wife held bound by husband's will treating the community estate as his separate property where she accepts and takes under the will.

While the husband cannot devise his wife's share in the community property, yet, where a will by its terms treats the community estate as the separate or individual property of the husband, the wife is bound thereby if she receives benefits she could not receive as community owner, and elects to accept and take under the will.

Appeal from District Court, Young County; H. F. Wildon, Judge.

Action by Lou Lee Zinn and others against W. W. Farmer and others. From a judgment for plaintiffs granting only partial relief, plaintiffs appeal. Reversed and remanded.

Johnson & Johnson, of Graham, for appellants.

Fred T. Arnold, of Graham, for appellees.

CONNER, C. J. W. H. Farmer and M. A. Farmer, husband and wife, owned community property consisting of some 804 acres of land situated in Young county, Tex., numerous town lots situated in the town of Farmer, Young county, and certain personal property that we need not describe. W. H. Farmer died in 1907, and left a will which was duly probated in August of that year. The will reads as follows: .

"State of Texas, County of Young.

"The last will and testament of W. H. Farmer, being in reasonable health and sound in mind.

"First. I will and bequeath unto my beloved wife, Margaret A. Farmer, my farm, pasture, orchard and residence; about 700 acres of survey No. 2, block A and 160 acres J. C. Smith pre-emption, near Farmer, Young county, Texas, and all of my household and kitchen furniture, ten cows and calves, and all the tools, crops and rents, all provisions on hand, half of wagon and buggy, and two choice horses, all of which she has absolute right to during her lifetime; at her death to go to my children as I will name, to wit: J. C. Farmer and R. C. Farmer, my sons to have fifty dollars each, and the heirs of my daughter P. J. Crunk, deceased, have fifty dollars. And that Elijah Farmer, son of my son E. P. Farmer, deceased, have twenty-five dollars.

"Second. I will that at the death of my beloved wife Margarette A. Farmer, that the seven hundred acres of land and other lands that I may be in possession of, money, property and effects, shall be divided equally between my son Mark K. Farmer, my daughter Mary Rebecca Petty, my daughter Lou Lee Zinn, my son J. R. Farmer, my daughter Ella M. Schumaker and my son William W. Farmer. And I further will that the heirs of my daughter Dorcas A. Jennings, deceased, have one share with the last above named.

"Third. That all my children have received $1,000.00 of my estate except William W. Farmer, which I hope soon to give him, but if I should fail to give him the $1,000.00 before my demise I will that he shall have $1,000.00 before any division is made of the property.

"Fourth. I will that my wife have power in law to sell all my property, real and personal and to make and deliver deeds to same; except the 700 acres above named and that shall not be sold until her death.

"Fifth. I will and appoint my beloved wife my executrix, giving her power over my estate, and that there be no administrator except to probate this will; and that my administratrix be not required to give bond.

"Sixth. I will that my wife have power to lay off other lands in town lots, and that she may sell lots thus laid off, or that are now laid off, and make deeds to same.

"Given under my hand at Farmer, Texas, on the 20th day of January, A. D. 1899.

["Signed] W. H. Farmer."

The evidence tends to show that Mrs. M. A. Farmer qualified as executrix under the will, and retained possession and control of all of the property specified in the will until in 1911, when she also died, leaving a will in which she made certain bequests, and devised the remainder of her estate, share and share alike, to four named children of herself and deceased husband, constituting one of her sons, W. W. Farmer, as sole executor, and directing that no bond or security be required of him. W. W. Farmer qualified as executor of his mother's will and has since been in possession of the property of his parents.

This suit was instituted by Mrs. Lou Lee Zinn, joined pro forma by her husband and numerous other heirs of W. H. and M. A. Farmer, against W. W. Farmer, as executor of his mother's will and as heir of his father, for partition of the properties hereinbefore referred to. The plaintiffs also sought to set aside a deed that had been made by Mrs. M. A. Farmer on the 18th day of May, 1911, the same day upon which Mrs. Farmer executed her will, to W W. Farmer, conveying an "undivided one-half interest * * * in 301 acres of land out of the G. B. & No. Co. survey No. 2." The 301 acres was described by metes and bounds out of the northwest corner of the survey named, the entire survey containing 609 acres. The plaintiffs also sought to recover certain sums of money alleged to be due the estate from W. W. Farmer.

The trial was before the court without a jury, and resulted in a judgment defining the interests of the several heirs of W. H. and M. A. Farmer, including the defendant W. W. Farmer, but excluded from the partition ordered the undivided one-half interest in the 301 acres conveyed to W. W. Farmer by his mother. The judgment also failed to require W. W. Farmer to account for any of the moneys for which the plaintiffs sought recovery. Other particulars of the judgment are not material to the questions presented, and will therefore not be noticed.

The plaintiffs below have appealed, and have assigned a number of errors, one of which we think will require a reversal of the judgment.

[1] Among other things, W. W. Farmer testified, in substance:

"That prior to his father's death he had entered into a contract with his parents which provided that he should have and hold possession of the properties in question in consideration of their care and support during their lives; that he complied with the contract; that his mother had been a hopeless invalid for many years before her death; that soon after his father's death "said M. A. Farmer had about $1,000 in cash; that W. W. Farmer borrowed the $1,000 from M. A. Farmer, and that the accumulation of interest, less a few payments, together with the principal, totaled $1,300, and that the said W. W. Farmer gave the said M. A. Farmer his note for the $1,300."

He further testified:

"That one day the said M. A. Farmer destroyed the said note given by W. W. Farmer to M. A. Farmer by burning the same."

To the testimony embodied in the quotation last made the plaintiffs objected, and, the objection having been overruled, duly reserved bill of exception to the court's ruling in admitting the same. We are of opinion that the court erred in admitting the testimony over the objection of the plaintiffs. Article 3690, V. S. Tex. Civ. Statutes, thus reads:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite paty; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

A history of this article is given in the case of Leahy v. Timon, 110 Tex. 73, 215 S. W. 951, in which it is pointed out by Mr. Justice Greenwood, of our Supreme Court, that the provisions of the statute were expressly extended to include "all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." The case before us seems certainly to fall within the statute. As in the opinion stated, there is nothing in the language of the statute to confine its operation to any particular character of action by or against heirs or legal representatives of a decedent arising out of any transaction with such decedent. It must be conceded without citation of authority, we think, that, if W. W. Farmer, as executor of his mother's will and in possession of the estate of his parents, was in fact indebted to his mother's estate, as he testified, he would be accountable to the other heirs for their proportionate part. and his testimony to the effect that his mother had burned the note was evidently intended to induce the conclusion that she had canceled the debt. There is no other testimony that we find in the record that so indicates and, in view of the fact that the court failed to allow the plaintiffs a recovery of any part of the indebtedness indicated, shows the materiality of the court's ruling. In Leahy v. Timon, supra, in discussing the purposes of the law, our Supreme Court had this further to say:

"The law, as originally enacted, shows the legislative determination that it would be unwise and unjust to receive, against those claiming under a decedent, the testimony of one directly interested, as a party, in a judgment, with respect to matters as to which his testimony, though false, would ordinarily be incapable of contradiction or explanation, unless called to testify by the opposing party, or unless required to testify by the court. Judge Gaines, in stating the reason for the exception made in removing the bar of the common law, said: 'The transactions and conversations between two persons are often known to them only; and it would seem that the object of the exception made by the article from which we have quoted was to preclude the injustice of permitting one party to the record to testify in regard to matters about which, from the very nature of the case, it was not probable that his testimony could be rebutted. Death having sealed the lips of one of the persons who best knew and was most interested in the transaction, it would seem impolitic to remove the bar of the common law, which excludes the testimony of the other. This appears to be the reason and spirit of the article cited.' Moores v. Wills, 69 Tex. 112, 5 S. W. 676."

See, also, Ross v. Kell (Tex. Civ. App.) 159 S. W. 119; Clark v. Briley (Tex. Civ. App.) 193 S. W. 419; Perdue v. Perdue, 110 Tex. 209, 217 S. W. 694, 220 S. W. 322; Holland v. Nimitz (Tex. Sup.) 239 S. W. 185.

The record fails to disclose that W. W. Farmer had been called to testify in behalf of the plaintiffs, and we accordingly conclude, as before stated, that the court erred in admitting the testimony over the plaintiffs' objections, and that the error requires a reversal of the judgment.

Appellants urge several other objections, but the evidence as now presented is not such as we think will justify us in their extended discussion or final disposition. We will, however, in view of another trial, briefly notice the objections referred to.

[2] It was shown that the recited consideration for the deed from M. A. Farmer to the defendant W. W. Farmer was $10 in cash, which, on cross-examination, W. W. Farmer testified he in fact did not pay, and plaintiffs insist: First, that the deed is without consideration, and therefore of no effect; and, second, that M. A. Farmer, being a tenant in common with the plaintiffs and others, was without power to convey any specified interest out of the community estate. But we think it clear that the deed for these reasons cannot be said to be void. It is undoubtedly true under the evidence that M. A. Farmer owned an undivided one-half interest in the lands specified in her deed to W. W. Farmer, and she, in common with all other owners, had the power to freely alienate the same. She could ordinarily, as against the plaintiffs not shown to be creditors, if she so desired, convey for or without a consideration. See Hanes v. Hanes (Tex. Com. App.) 239 S. W. 190; article 1105, V. S. Tex. Civ. Statutes. The instrument in terms was sufficient to convey the interest specified, and at least is susceptible of the construction that it was operative as a gift.

[3] Nor do we think the deed can be said to be inoperative, as urged, on the ground that one tenant in common is without power to convey a specific portion of joint property. In the first place, in this state at least, as will be found by an examination of the au-

thorities, such a deed is not void. It will be given effect, as far as may be without prejudice to the other joint owners, if equities in the grantee be shown. See 38 Cyc. p. 1114, par. 6; Camoron v. Thurmond, 56 Tex. 23; Maverick v. Burney, 88 Tex. 560, 32 S. W. 512; Rutherford v. Stamper, 60 Tex. 447; Ramirez v. Lasater (Tex. Civ. App.) 174 S. W. 706. On this subject it was said in the case of Maverick v. Burney, supra:

"It is held in many jurisdictions, that the deed of a tenant in common to a specific parcel of the land held in common by him with others is absolutely void. But it is settled in this court, by a long line of decisions,. that such a deed is good as between the parties, and is voidable only by the cotenants of the grantor, and not by them except in so far as it may affect their rights"—citing cases.

[4] In the second place, the conveyance was not of a specified tract, but merely of her undivided interest in the parcel designated.

Nor do we find anything in the record indicating that it was the purpose of Mrs. M. A. Farmer in making the grant to W. W. Farmer to have it treated as an advancement to be accounted for upon a final partition of her estate. Cases are to be found where such conveyances are so treated. See Sparks v. Spence, 40 Tex. 694; Locust v. Randle, 46 Tex. Civ. App. 544, 102 S. W. 946. But the evidence in this case tends to show, as far as it goes, that the conveyance in all probability was made in recognition of her son's long-continued care and support. So that under the evidence as now presented to us, for none of the reasons assigned have we felt able to see that the deed from M. A. Farmer to W. W. Farmer should not be given effect.

[5] There is one phase of the evidence, however, that perhaps tends to show that she was without power to make the deed. By observing the terms of the will of W. H. Farmer, it will be seen that the community estate is treated and disposed of as if the whole was the separate property of the testator, and the qualification of Mrs. M. A. Farmer as executrix thereunder at least tends to show. that she accepted under the terms of that will, and there may be evidence upon another trial further tending to show acceptance. We think the issue should be submitted and determined, and, if, in fact, it should be found that she accepted under the terms of her husband's will, and thereby received property and benefits that she would not otherwise have received as community owner, then she would be bound by the terms of the W. H. Farmer will, which clearly forbids a conveyance of any part of the survey out of which the interest of W. W. Farmer was carved. The rule is that, while the husband cannot devise his wife's share in the

community property, and his will should ordinarily be held to affect only his interest in the community estate, yet, where by its terms the will treats the community estate as the separate or individual property of the testator, and the wife thereunder receives benefits she would not receive as community owner, and elects to accept and take under the will, she is bound by its terms. See Smith v. Butler, 85 Tex. 126, 19 S. W. 1083.

However, for the error of the court in admitting the evidence of W. W. Farmer over the objection of the plaintiffs that his mother burned the note he had given to her, the judgment is reversed, and the cause remanded for a new trial.