## SWINNEY, GREEN & CO. v. NANCY BOOTH.

On the trial of an issue of the right of property, the plaintiffs in execution asked the court to instruct the jury that the claimant must sustain her title to the property "by abundant proof." The court had already, of its own motion, charged the jury that the burden of proof was on the claimant, and that it was incumbent on her to establish the facts on which she relied to sustain her claim. *Held*, that the court was under no obligation to reiterate the law in this particular, even if the plaintiffs' proposed instruction had been entirely unexceptionable; that the charge asked, however, was objectionable, as calculated rather to mislead the jury than to conduct them to a correct conclusion; and that there was no error in declining to give the instruction so asked.

A witness testifying by deposition that the property in controversy had been acquired by the claimant from her father's estate, added the remark, "this is my impression." *Held*, that the qualifying remark was tantamount to a statement by the witness that he only testified to the best of his recollection, and however the implied uncertainty might impair the weight of the evidence, it could furnish no reason for its exclusion.

The proof in this case, as disclosed in the record, appeared to be vague and indefinite, and this court hesitates to pronounce it sufficient to warrant the verdict in favor of the claimant; but, as it cannot be said to be without evidence, or that it was clearly contrary to the evidence, and as it was satisfactory to the judge before whom the cause was tried, the judgment will not be reversed.

APPEAL from Navarro. The case was tried before Hon. JOHN GREGG, one of the district judges.

This case was a trial of the right of property, between the appellants, as plaintiffs in execution, and the appellee, as claimant under the statute. (Paschal's Dig., Art. 5310, Note 1155.)

On the 18th of April, 1857, the appellants recovered a judgment against John Booth, who is the husband of the appellee, for nearly $1,900. On the 28th of the same month an execution issued on the judgment, and a levy of the same was made on two negroes, as the property of John Booth. In September following, the appellee, Nancy Booth, filed her affidavit, claiming the negroes as her property, "held by her in her separate right, and derived by her from the proceeds of her father's estate." She gave bond, as required by law, for the trial of the right of property.

The cause was tried at the fall term, 1859, of the District Court for Navarro county. A detailed account of the evidence does not appear to be necessary. Verdict and judgment were rendered for the claimant, and the plaintiffs in execution appealed.

*A. Beaton*, for appellants.—First assignment: "The court erred in overruling plaintiffs' exceptions to the introduction of testimony, as indicated in plaintiffs' bill of exceptions." The witness Edwards states, "that it is his impression Mrs. Booth got land and the negroes named in my answer to 6th interrogatory from her father's estate." Now, as this is the only evidence in the case to support the claim of the appellee, as made by her in her affidavit, viz, "that she derived said property (the two negroes levied upon) from the proceeds of the estate of her father," it becomes material to determine whether the unexplained and unsupported impression of a witness as to a fact—a mere abstract impression, not disclosing how the same was made on his mind—is admissible in evidence, and sufficient in itself to sustain the verdict and judgment in this case. I respectfully submit that it is not. A "witness cannot state his impressions and opinions, (Walker, 403,) nor the impressions which he may draw from facts within his knowledge." (5 Watts & Serg., 333.) A witness must

only state facts and circumstances, and he is not at liberty to give his inferences and opinions. (Sparr v. Wellman, 11 Miss., 230.) "If a witness state his impressions, and they are not excepted to, nor any charge requested with respect to such testimony, there is no question raised on the record, although belief merely is not evidence." (Langford v. Cummings, 4 Ala., 46.) "The general rule is, that a witness must speak to facts, and cannot give his opinion as derived from those facts; the only exceptions are as to questions of science and sanity." (Bailey v. Pool, 13 Ired., 404.) "A statement by a witness of what he understood, not stating from whom he understood it, is too indefinite for the foundation of a verdict." (Jones v. Childs, 2 Dana, 25; and see Berry v. The State, 10 Ga., 511; and Jones v. Hatchett, 14 Ala., 743.)

*C. M. Winkler*, for the appellee.

MOORE, C. J.—The charge given by the court correctly announced the legal principles applicable to the issues involved in the case. The jury were instructed that the burden of proof was upon the claimant, and that it was incumbent upon her to establish the facts upon which she relied to sustain her claim to the property in controversy. There was no reason for reiterating the law in this particular by the charge asked by the plaintiffs in execution, even if the language in which their proposed instruction was couched had been altogether unexceptionable. This, however, was not the case. It is asked by it, that the jury shall be directed that the claimant must sustain her title to the property in suit, not by reasonable or satisfactory evidence, but by "abundant proof." Such an instruction would probably have misled the jury, rather than have guided them in arriving at a correct conclusion in making up their verdict.

The objection that the witness Edwards was improperly

permitted to testify as to his "impression" about a matter of fact, which could have been proved by recorded evidence, cannot be sustained. The title of the claimant may not have been of record; at least the brief and imperfect history imbodied in the transcript before us, of the proceedings in the case, does not indicate, with sufficient certainty, that her title or right to the property in dispute depends upon or grows out of a matter of record, or is evidenced by an instrument in writing, to require a reversal of the judgment. Nor should the evidence have been rejected, because the witness qualified the certainty and conclusiveness of his reply to the question asked by adding, he had stated the facts, as to which he was interrogated, in conformity with his impression. He was testifying about a matter which had transpired sometime previous. His answer is, in substance, the same as if he had said, "this is my recollection of the matter;" "I have answered to the best of my recollection, though I am not absolutely certain." These are expressions frequently used by cautious and truthful witnesses, which, though they may detract from the weight of their evidence, certainly furnish no sufficient reason for its entire exclusion. The testimony on behalf of the claimant is quite vague and indefinite, and we have had some hesitancy in holding it sufficient to sustain the verdict; but, as we cannot say that the finding of the jury was without or clearly contrary to the evidence, and it was satisfactory to the judge before whom the case was tried, it is not believed the judgment should be reversed solely on this ground.

There is no error in the judgment, and it is therefore

AFFIRMED.