WM. SIMPSON v. W. W. BROTHERTON.

(Case No. 4251.)

1. EVIDENCE — STATUTE CONSTRUED.— The wife, even when not made a party to proceedings between her husband and the representatives of a deceased party, is not a competent witness to testify to transactions between her husband and the deceased concerning matters in which she has a community interest with her husband. Being as fully interested as her husband in the result of such a suit, the object of the statute would be defeated by admitting her testimony.

2. WITNESS — EVIDENCE.— The fact that a witness can only give his recollection of a conversation, about the correctness of which he is not certain, or that he is able to detail only a part of a conversation, will not exclude his testimony; it becomes a matter for the jury in considering his credibility.

APPEAL from Fannin. Tried below before the Hon. R. R. Gaines.

Suit brought by appellee to recover an interest in land which he claimed by virtue of its having been acquired in a land certificate located on the land, the interest in which was obtained when he was married to his wife. The admission of her testimony to transactions with, and statements by, John Brotherton, deceased, in this suit against his legal representatives was objected to.

*R. W. Campbell*, for appellant, cited: Alexander v. Lewis, 47 Tex., 491–2; 1 Greenl. Ev., 331–5; 1 Phila. (mar.), 77; id., top p. 32–3; East, 5; Greenl. on Ev., 175–189.

*Richard B. Semple*, for appellee, cited: Roberts v. Yarboro, 41 Tex., 451; Markham v. Carothers, 47 Tex., 21; 28 Tex., 116; and 1 Greenl. Ev., sec. 440.

WILLIE, CHIEF JUSTICE.— The facts which Mrs. Brotherton was called upon to prove were such as could not have been testified to by any of the parties to the suit. But it is contended that Mrs. Brotherton was not a party to the proceedings, and hence the rule by which such evidence is excluded did not apply to her. It is true that her name does not appear among the parties to the proceedings, but her husband's name does, and as such party he was representing the community interests of himself and wife.

The object of the suit brought by the husband was to secure for the community estate a tract of land, and if he was successful the wife would share equally with him in the profits of the judgment. In fact, as to the immediate results of the judgment they stood upon an equality, and she was to be affected by it in the same man-

ner with himself, and there was not a particle of difference between their relations to the suit produced by the fact that his name was used as a party and hers was not.

Our courts treat the relation of husband and wife towards the community property as that of a partnership. The business of the firm is transacted in the name of the husband, and he prosecutes and defends its suits with the same effect as if his partner were named in the case. Judgments in such suits bind both partners, or inure to their joint benefit if in their favor. In fact the wife is as much a party as if the record recited that the husband instituted or defended the suit for the use and benefit of himself and wife. Having all the attributes of a party she must be treated as such, and must be excluded from testifying whenever her husband and partner could not be admitted to the witness stand.

This court had occasion to pass upon the construction sought to be given to the word "parties" by counsel for appellee, in the case of Hodde v. Susan, 58 Tex., 389, where the question was as to the disqualification of a judge when a person directly interested in a suit, though not a nominal party thereto, was related to him within the prohibited degrees.

We there said: "A narrow or contracted construction of the word 'party,' which confines it to the very persons named on the docket as such, and excludes such as stand in precisely the same relation, would often defeat the end had in view of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relatives."

So the object of the act, excluding parties from testifying as to transactions with deceased persons, would be defeated by allowing one to testify to such transactions who was as fully interested in the result of the suit as any of the persons named as parties upon the record.

Our Revised Statutes require that their provisions shall be liberally construed with a view to effect their objects and to promote justice; and before their passage this court had applied such construction to the particular provision now under consideration.

In the case of Runnels v. Belden, 51 Tex., 48, it is held that when a party to a suit had testified by depositions, and died, and his executor had been made party in his place, it was error to exclude the testimony of the other party on the trial touching the acts and declarations of the deceased, about which the deceased had testified in his depositions. The strict letter of the statute prohibited the testimony; but as the dead plaintiff had been allowed to speak in evidence

as it were from the grave, the court said the living defendant should also be allowed to testify. This was an interpretation of the statute according to its spirit and intention, and not according to its letter, and giving such a construction in the present instance, we think the court erred in not excluding the testimony of the wife.

The objection to the competency of the witness Galbreth's testimony was not well taken. The fact that he could not speak with certainty as to what Brotherton had said did not prevent him from giving his best recollection. If he had doubts about the correctness of his memory, or could detail only portions of the conversation, this would not exclude what he could undertake to state although it was his mere impressions of what had been said. But the jury might have taken those facts into consideration in passing upon the credibility of his evidence. 1 Greenl. on Ev., sec. 440; Swinney v. Booth, 28 Tex., 113.

There is nothing in any of the other objections taken to the judgment; but, for the error stated, it must be reversed and the cause remanded.

REVERSED AND REMANDED.