MRS. IDA B. McKIBBAN ET VIR. v. MRS. R. L. SCOTT ET VIR.

No. 7357.  Decided March 16, 1938.
(114 S. W., 2d Series, 213.)

*Smith & Eplen,* of Abilene, for plaintiffs in error.

Mrs. Scott as proponent of the will of J. E. Adison, deceased, having made application to probate said will and be appointed independent executrix, and Mrs. McKibban having contested the probation of said will upon the ground that the same was invalid by reason of the mental incapacity of said testator and undue influence, the issue was presented as to whether judgment might be rendered for or against Mrs. Scott as executrix, and therefore the statute, Article 3716, was applicable so as

to prevent either party from testifying as to transactions with the deceased testator, and the further allegation that Mrs. Mc-Kibban was an heir, and as such would be entitled to a portion of testator's estate, showed her interest and right to contest, and therefore the statute was applicable to prevent either party from testifying as to transactions with testator. Sanders v. Kirbie, 94 Texas 564, 63 S. W. 626; Lewis v. Aylott, 45 Texas 190, 202; Leahy v. Timon, 110 Texas 73, 215 S. W. 951.

*Wagstaff, Harwell, Wagstaff & Douthit,* of Abilene, for defendant in error.

There being no party to this suit in the capacity of executrix as such, nor in the capacity of heir as such, testimony is not prohibited by Article 3716, R. S. 1925. Wootters v. Hale, 83 Texas 563, 19 S. W. 134; Harris v. Seinsheimer, 67 Texas 356, 3 S. W. 307; Garrett v. Garrett, 78 S. W. (2d) 157.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is a will contest. The action was tried in the district court of Taylor County, Texas, after an appeal thereto from the county court of such county.

J. E. Adison died in Taylor County, Texas, on December 18, 1935, leaving a written will executed on the day of his death. By the terms of this will the deceased (1) provided for the payment of his just debts and funeral expenses; (2) bequeathed to his niece, Mrs. Ida McKibban, the sum of $500.00; (3) bequeathed to his friend, Sid Criswell, $100.00; (4) bequeathed to Mrs. R. L. Scott all the balance of the estate; and (5) named Mrs. Scott as independent executrix without bond. Mrs. Scott is no kin to the testator, and, if the probate of this will is refused, will have no interest in the estate. Mrs. Scott values the estate at a probable value of $10,000.00.

Mrs. Scott offered the will for probate in the county court as the named executrix therein. Mrs. McKibban, joined pro forma by her husband, filed contest. On final trial in the county court the will was admitted to probate, and letters testamentary ordered issued to Mrs. Scott. Mrs. McKibban appealed to the district court. On final trial in that court the will was denied probate, and Mrs. Scott appealed to the Court of Civil Appeals at Eastland. On final hearing in that court the judgment of the district court was reversed and the cause remanded thereto for a new trial. 110 S. W. (2d) 72. The case is before this Court on writ of error granted on application of Mrs. McKibban.

By her pleading in the district court Mrs. McKibban contended that this will should be denied probate because:

(a) Prior to the execution of the will here offered for probate, and on October 3, 1935, the deceased executed a legal and valid will, by the terms of which all the estate of J. E. Adison, deceased, was bequeathed to her, Mrs. McKibban, except $1,000.00 which was in such will bequeathed to Mrs. Scott. It is alleged that this prior will was destroyed by persons other than the testator. This alleged prior will is alleged to be the last valid will of the deceased, but same is not offered for probate.

(b) That the testator, at the time the will here offered for probate was signed, was of unsound mind, and lacking in lawful mental capacity to execute the same.

(c) The will here offered for probate was the result of undue influence exercised over testator by certain named persons.

The case was tried in the district court with the aid of a jury. Only one issue was submitted to the jury, and that the question of mental incapacity. The jury answered such issue to the effect that testator was without mental capacity to execute this will at the time he signed it. Based on such verdict, the district court entered a judgment denying the will probate.

By her pleadings in the district court Mrs. McKibban expressly pleaded her capacity to contest this will. In this regard she alleged that she is named as a legatee in this will; that she was named as sole executrix and a legatee in the alleged will of October 3, 1935, and that in the absence of any will she is the only legal heir of the deceased.

While the cause was being tried in the district court a witness named Parker was offered by Mrs. McKibban as a witness in her behalf. This witness testified that the deceased "told him a year or two before Adison quit working for him that appellant had married a trifling good-for-nothing man, and that Adison had told him he was tired of giving her money for her husband to spend, and that he was never going to help her any more as long as she lived with her husband, and that if she would quit her husband he would be willing to help her and that he, Adison, wrote her a letter to that effect."

After the above testimony was introduced by Mrs. McKibban Mrs. Scott was sworn as a witness in her own behalf and offered to testify that "she had never at any time solicited any money from the decedent, either by way of gift or borrowing, and that deceased had never wrote her such a letter at any time as testified to by the witness Parker." Counsel for Mrs. McKibban objected to such proffered testimony in substance on

the ground that the same was prohibited by Article 3716. The objection was sustained by the trial court, and Mrs. Scott duly excepted. The Court of Civil Appeals holds that the trial court committed error in such ruling, and for that reason alone reversed and remanded this cause.

If we properly interpret the opinion of the Court of Civil Appeals, it holds that the provisions of Article 3716, supra, do not operate to disqualify Mrs. Scott as a witness in this case, because this suit does not have as a party thereto an executor, administrator, guardian, heir, or legal representative of the deceased. In other words, we interpret such opinion to hold that because no judgment can be rendered in this cause against any executor, adminstirator, guardian, heir, or legal representative of the deceased, as such, Mrs. Scott can testify. We are unable to agree to this conclusion.

1 A reading of Article 3716, supra, will disclose that it permits no party to any action by or against any executor, administrator, or guardian in which a judgment may be rendered for or against such executor, administrator, or guardian, as such, to testify against the other party as to any transaction with, or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party. The statute does not stop here. It then proceeds to make the foregoing provisions apply to or "extend to and include all actions by or against heirs or legal representatives of a decedent arising out of any transaction with the decedent." This latter provision certainly means to say that no party to any action by or against an heir or legal representative of a deceased person, in which action a judgment may be rendered for or against such heir or legal representative, as such, shall be permitted to testify against any other party to such action as to any transaction with the decedent. Spencer v. Schell, 107 Texas 44, 173 S. W. 867; Leahy v. Timon, 110 Texas 73, 215 S. W. 951; Perdue v. Perdue, 110 Texas 209, 217 S. W. 694, 220 S. W. 322; Ross v. Kell, (Civ. App.) 159 S. W. 119; Clark v. Briley, (Civ. App.) 193 S. W. 419.

It is settled as the law of this State that the test furnished by Article 3716, supra, embraces not only the capacity of the parties, but also the effect of the judgment of which the suit admits. If the action be one by or against an heir, in which judgment may be rendered for or against him, as such, the statute applies. Spencer v. Schell, supra; Leahy v. Timon, supra.

2 When we come to examine the record before us, we find no escape from the proposition that any judgment which may be rendered in this cause will bind Mrs. McKibban as an heir of

the testator. It is true that she alleges a former will and her rights thereunder; but such former will is not offered for probate; and the probate of this will would certainly, under the facts of this record, bar the probate of the former will. It is also true that Mrs. McKibban states that she is a beneficiary in this will; but she is contesting its probate. Finally, it is certain that Mrs. McKibban is the heir of the testator, and, in the absence of any will, will take his entire estate. Any judgment probating this will will therefore bind her as an heir. This is true, even though such a judgment will also bind her as a beneficiary in the former will. If Mrs. McKibban is to be bound as an heir, the statute applies, and this even though this judgment may bind her in other capacities. "To hold the adverse party a competent witness as to such testimony in a suit like the present one would necessitate that the statute be construed as operative in actions by or against heirs, only where judgment might be rendered for or against them *exclusively* as such, the effect of which would be to ingraft an additional provision upon it." Spencer v. Schell, supra.

**3** If we properly interpret the opinion of the Court of Civil Appeals, it holds that the provisions of Article 3716, as regards actions for or against *executors*, cannot apply in an action to probate a will. This holding is based upon the assumption that the executor named in the will is not, in law, an executor within the meaning of Article 3716 until the will is lawfully probated by final judgment to that effect. In this regard, the opinion of the Court of Civil Appeals seems to draw a distinction between an action to probate a will, and issue letters testamentary, to a person appointed executor therein, and an action to annul the probate of a will naming an executor, already probated. We think the statute intends to draw no distinction in the two actions as regards executors. In other words, we think that the executors named in a will come under the provisions of the statute in actions to probate, as well as actions to annul the probate. In this regard, we think that a person named executor in a will is an "executor," within the meaning of Article 3716, supra, even though the will is not yet probated. This must be true, because Article 3339, R. C. S. 1925, expressly provides that "Applications for the probate of a will may be made by the *testamentary executor,* * * * * ." It is thus evident that the statute recognizes the person named "executor" in the will as an executor in a sense that he may bring an action to probate it, as such,—that is, as a testamentary executor.

The interpretation of the word "executor," as used in Article

3716, is fortified not only by the provisions of Article 3339, supra, but by the following articles of our Revised Civil Statutes:

1. Article 3329 provides what an application to probate a written will produced in court shall state. Among other things, this statute requires the application to state "The name and residence of the executor named in the will * * * ."

2. Article 3330 provides what an application to probate a written will which cannot be produced in court shall state. Among other things, it is provided that such application shall state " * * * the executor appointed therein, * * * ."

3. Article 3354 provides "When a will has been probated, the court shall within twenty days thereafter, grant letters testamentary, if permitted by law, to the executor or executors appointed by such will * * * ."

4. Article 3357 defines the order in which letters testamentary shall be granted, and, among other things, gives the right to such grant, first to the "person named as executor in the will of the deceased."

5. Article 3389 provides, in effect, that a testator shall have the right to exempt the person named by him as the executor of his will from giving bond as such.

6. Article 3436 provides that a person capable of making a will may provide that "no action shall be had in a county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

There are numerous other statutes which deal with executors named in wills, which we shall not attempt to discuss or to even list. We have shown enough of them to demonstrate that our probate laws recognize the right of a person to name in his will his own executor, and, further, to show that the person so named, barring any disqualification, has the right, by virtue of the will itself, to act as executor as named. Of course, we do not intend to say that an executor named in a will can act as such in the sense that he can administer the estate until the will is probated. In making his application however he can apply in the capacity of the named executor in the will. We think this very fact shows that the provision of Article 3716, regarding executors, relates to and covers the executor named in the will even though the action be merely on application to probate the will.

We have carefully considered the other assignments presented by Mrs. Scott's brief, and in our opinion they were properly disposed of by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals is reversed and that of the district court affirmed.

Opinion delivered March 16, 1938.