**WHATLEY v. WHATLEY et al.**

No. 5521.

Court of Civil Appeals of Texas. Amarillo.

March 1, 1943.

Rehearing Denied March 29, 1943.

A. A. Lumpkin, of Amarillo, for appellant.

Curtis Douglass and Wm. Jarrel Smith, both of Pampa, for appellees.

PITTS, Chief Justice.

This is a case originally filed in the District Court of Carson County, where the court sustained appellees' motion for a peremptory instruction and judgment was rendered accordingly, from which appellant perfected his appeal to this court.

Appellant, Ollie Whatley, as independent executor of the estate of S. J. Whatley, deceased, filed this suit June 28, 1941, against Katherian L. Whatley, surviving wife of S. J. Whatley, deceased, Onie Katherian Aaron and husband, Henry Aaron, Ethel Irene Neal and husband, A. D. Neal, and Samuel J. Whatley, alleging in count one a cause of action in the nature of trespass to try title, seeking to recover from appellees three tracts of land described as follows, to-wit: All of N. W. ¼, section 51, block B-3 of Houston & Great Northern Railway Company survey in Gray County, Texas; all of N. E. ¼ of section 58, block B-3 of Houston & Great Northern Railway Company survey, partly in Gray and partly in Carson County, Texas; and all that part of section 57 in block B-3 of Houston & Great Northern Railway Company survey lying south of Rock Island Railroad right of way and north of the N. E. ¼ of section 58, in block B-3, partly in Gray and partly in Carson County, Texas, and seeking in count two to recover from appellees a judgment cancelling a deed executed by S. J. Whatley during his lifetime and his wife, Katherian L. Whatley, covering all the property described in count 1 to their three children, Onie Katherian Aaron, Ethel Irene Neal and Samuel J. Whatley, reserving a lifetime estate to grantors, alleging as a basis for cancellation that a fraud was perpetrated upon S. J. Whatley, who owned said land as his separate estate. Appellees filed a plea of not guilty in reply to appellant's first count and, in reply to appellant's second count, appellees admitted the execution of the deed in question but denied the allegations of fraud and alleged that the deed in question was voluntarily executed by S. J. Whatley and at his own suggestion during his lifetime.

The testimony offered by appellant discloses that Ollie Whatley, executor and appellant, was the only child born to S. J. Whatley, deceased, and his first wife; that subsequently he married a second time and to him and his second wife, Mary Ann Whatley, there were born eleven children, two of whom died as children and another died leaving two children surviving her, but the other eight children were living at the time of the trial of this case and among them were George C. Whatley, John Whatley and Alton or Pete Whatley; that J. S. Whatley was divorced from Mary Ann Whatley in 1913 and subsequently he married Katherian L. Whatley, to which marriage there were born the three children who were named above and who are appellees herein, together with their mother; that S. J. Whatley had accumulated considerable property, most of which was acquired during his marriage to Mary Ann Whatley; that in 1923 S. J. Whatley, joined by his third wife, Katherian L. Whatley, executed a deed to certain property of his separate estate to his said child by his first marriage and to all the said children of his second marriage, reserving a lifetime estate to himself, and about the same time executed a will bequeathing to his three children born to his last or third marriage certain other property reserving a life estate for himself and his third wife, Katherian L. Whatley; that subsequently, on August 2, 1938, he made another will naming Ollie Whatley executor without bond, directing that his just debts be paid and that the remainder of his property be divided equally between all of his surviving children and his wife, Katherian L. Whatley, each to share and share alike with the two surviving grandchildren to share their deceased mother's equal share; that on January 25, 1939, the first deed mentioned above about which this law suit was filed was executed; that on November 21, 1940, S. J. Whatley died at the age of eighty-three years; that S. J.

Whatley had lived on the edge of Carson and Gray Counties since 1900 with his lands situated in Carson, Armstrong, Gray and Donley Counties; that the last will of ·S. J. Whatley was filed for probate on December 2, 1940, and soon thereafter admitted to probate with appellant qualifying as independent executor on December 20, 1940, and that the said executor proceeded to carry out the terms of the will.

Among other witnesses called by appellant in the trial of this case was Charlie Thut, County Clerk of Gray County, who testified, among other things, that he had been such clerk since 1926 and had known S. J. Whatley for forty years prior to his death; that on January 25, 1939, S. J. Whatley and his wife, Katherian L. Whatley, and their three children came to his office; that S. J. Whatley told him (witness), "I want to draw up a paper so I can give these children what I have when I die"; that he wanted it fixed so that he and his wife could have it as long as they lived and then give it to the three children belonging to him and his wife, Katherian L. Whatley, since he had divided his other property between the other children; that witness told him he had better get a lawyer and after talking about several lawyers S. J. Whatley asked witness to call Arthur M. Teed for him, which witness did; that Arthur M. Teed came to witness' office and engaged in conversation with the Whatleys briefly and he (Teed) and Katherian L. Whatley left for about an hour and returned with the deed drawn, during which time S. J. Whatley remained in witness' office and he and witness visited and talked; that S. J. Whatley appeared to be normal; that the deed was read to S. J. Whatley, who said that was what he wanted, and signed the deed and acknowledged it before said Arthur M. Teed. Appellant then called Arthur M. Teed as a witness, whose testimony, in effect, was about the same as that given by witness Thut. Appellant called George C. Whatley, son of S. J. Whatley and Mary Ann Whatley, both deceased, as a witness and offered to prove transactions and conversations had between said witness and S. J. Whatley during his lifetime concerning the deed and the execution of the same, out of which this law suit grew, when appellees objected on the grounds that to admit such testimony would be in violation of what is known as the "dead man's statute," that is, article 3716, Vernon's Ann.St. The court sustained appellees' objection, to which action appellant excepted and announced he would offer the same testimony as to John and Pete, who are full brothers to witness George C. Whatley, according to the record, and the same ruling was made by the trial court as to their testimony, to which appellant excepted. Both appellant and appellees rested and appellees moved for an instructed verdict on the grounds that appellant's testimony did not support his pleadings when the trial court sustained the motion, so instructed the jury and rendered judgment accordingly, to which action of the court appellant excepted and gave notice of appeal.

For his bill of exception, which was approved by the trial court, appellant developed the testimony of witness George C. Whatley in the absence of the jury, said testimony being, in effect, as follows: That he (witness) first learned of the deed about which this law suit was filed some thirty days after it was executed on January 25, 1939; that he and his brother, John, talked to his father, S. J. Whatley, about it after they found said deed had been recorded; that his father said he did not sign any such deed; that it was a lease contract he signed; that witness and John told their said father it was a deed he had signed but he said, "No, you boys are mistaken. I absolutely did not sign a deed;" that on a later date witness and his brother, Pete, called on their said father and talked with him about the matter, at which time the original deed was produced and read to their said father and he said: "There should have been no deed at all; it should have been a lease contract," at which time and place there were also present Katherian L. Whatley and her son, Samuel Whatley; that his said father told his wife, Katherian L. Whatley, that she would have to deed the land back to him but she refused to do so, which caused his father to get mad and he said he was going to have the land back and asked the witness and his brother, Pete, what he could do about it; that they told him he could get her to deed the land back to him or sue her for title to it; that after that his said father was in very bad health, practically helpless, bedfast several months and died on November 21, 1940. Appellant presents to this court only one point or assignment of error to the effect that the trial court should have permitted witness, George C. Whatley, to testify before the jury to the above and foregoing statements

and acts of his said father, S. J. Whatley, concerning the deed in question, since said witness was not a party to this suit nor was this suit brought against the heirs or legal representatives of S. J. Whatley, deceased, and that said witness is only a legatee or devisee under the will of S. J. Whatley.

Appellees answered with two counter points, one to the effect that this being a suit by an executor to recover land on behalf of an estate, it was not proper to permit devisees in such will participating in such land if the suit were successful to testify as to transactions with the testator; and another counter point to the effect that since the executor was suing to recover land in behalf of an estate and the judgment to be rendered would be binding on the devisees not actual parties to the suit as such, article 3716 prohibits such devisees from testifying about transactions with the testator.

Both parties relied on article 3716, Revised Statutes, and both parties present able briefs in support of their respective contentions. Article 3716 is as follows: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Texas Jurisprudence, vol. 14, p. 319, § 535, says with reference to above article: "The object of this statute is to place the parties on a parity, and to prevent one of them, to the detriment of the other, from taking an unfair advantage of the fact that the lips of the deceased have been sealed by death. Being in derogation of the common law, the statute should be strictly construed, and its terms will not be extended by judicial construction to apply to cases which do not clearly come within the purview of the enactment." The text is supported by a number of authorities cited thereunder.

In discussing the above and foregoing article, the same text and volume on page 322, § 538, provides under the title "Who are Parties Within Rule—In General" as follows: "Where the executor or administrator of a decedent is a party to a suit, not only the representative but every other party to the suit is within the rule prohibiting parties from giving testimony as to a transaction with, or a statement by, the deceased. Moreover, the term 'parties' embraces not only parties of record, but also all persons who have a direct and substantial interest in the matter litigated. A person has been said to have a disqualifying interest within the meaning of this rule, where he will be bound by any judgment which may be rendered under the pleadings."

The above and foregoing rule is fully supported by the following cases: Simpson v. Brotherton, 62 Tex. 170; Anglin v. Barlow, Tex.Civ.App., 45 S.W. 827; Tannehill v. Tannehill, Tex.Civ.App., 171 S. W. 1050; Clark v. Briley, Tex.Civ.App., 193 S.W. 419; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951; McKibban v. Scott. 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421; and Hartman v. Costales, Tex.Civ. App., 145 S.W.2d 603.

In the case of Simpson v. Brotherton, supra, it is said, in construing the word "parties" in the act, in a similar suit to this: "So the object of the act, excluding parties from testifying as to transactions with deceased persons, would be defeated by allowing one to testify to such transactions who was as fully interested in the result of the suit as any of the persons named as parties upon the record."

We are of the opinion that, under the testimony of appellant's witnesses Thut and Teed, there was no fraud proven but, on the contrary, the deed in question was executed under the direction and according to the wishes of S. J. Whatley, deceased; that George C. Whatley was a devisee who was directly interested in the matters being litigated and, under the admitted facts and under the rules laid down above, although he was not a party to the suit, he was a party such as would preclude him from testifying about transactions and conversations had with the testator concerning the deed in question; and that the trial court properly sustained appellees' motion for an instructed verdict.

Therefore, the judgment of the trial court is affirmed.