THOMASON et al. v. BURCH et al.

No. 15063.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 16, 1949.

Rehearing Denied Oct. 14, 1949.

J. V. Patterson and C. T. Gettys, both of Decatur, for appellants.

Donald & Donald, of Bowie, Murphy & Smith and Earl W. Smith, all of San Angelo, for appellees.

McDONALD, Chief Justice.

In the year 1927 W. W. Bowers executed a written will, which was prepared by M. W. Burch, and which was witnessed as required by law. B. W. Logan was the principal beneficiary named in the will. Logan died in 1934. Bowers died in 1942. In 1945 Burch, who was named as independent executor in the will, filed an application to have the will probated. The application alleged that the will could not be found, and there was attached to the application an alleged unsigned copy of the original will. Probate of the will was opposed by some of the heirs of Bowers. After trial of the matter in the county court, the cause was taken on appeal successively to the district court, to this court, and to the Supreme Court. Our opinion is reported in Logan v. Thomason, 199 S.W.2d 210, and that of the Supreme Court is reported under the same style in 146 Tex. 37, 202 S.W.2d 212.

As is stated in the opinion of the Supreme Court, Burch withdrew as proponent of the will prior to the time judgment was rendered in the district court, and probate of the will was sought by W. B. Logan, who was a son of B. W. Logan, the beneficiary named in the will. For the reasons stated in its opinion, the Supreme Court held that W. B. Logan did not have such interest in the subject matter involved as would entitle him to apply for probate of the will, and, Burch having withdrawn as proponent of the will, Logan's application to probate the will was dismissed without prejudice to the right of any competent party to appear or intervene in the district court as proponent of the will.

After the rendition of the Supreme Court's judgment, Mrs. O. C. Rhine and Mrs. Leila Murray intervened. They alleged that they were interested in Bowers' estate and sought probate of the lost will. M. W. Burch also filed a pleading in the cause, alleging that he had never in fact withdrawn as proponent of the will, but had only declined to serve as executor, and again sought probate of the lost will. Trial to a jury resulted in a judgment establishing the contents of the carbon copy aforesaid as Bowers' will, and ordering the county court to appoint an administrator with the will annexed. Those who opposed probate of the will have appealed, relying on thirteen points of error which raise the questions herein discussed.

On the present trial Mr. Burch testified over objections by appellants that Mr. Bowers requested Burch to prepare his will and that he did so; that the carbon copy attached to the application was a true and correct copy of the will which was prepared for Bowers; that Bowers signed it and that it was properly witnessed; that the two witnesses then left the room in which the will was signed; that Burch then handed the will to Bowers, who asked Burch to deliver the will to Logan, the principal beneficiary, who was present at the time, and that Burch handed the will to Logan in Bower's presence; that the will was in Logan's hands when Burch last saw it, which was on the same day, but after, the will was executed. Mr. Burch also testified concerning another conversation he later had with Bowers, which may or may not have shed some light on the question whether or not Bowers later revoked the will Burch had prepared for him. The testimony of Mr. Woodruff, who was present when the will was signed, was that he last saw the will in the hands of the testator.

Article 3348, Vernon's Ann.Civ. St., provides that before a will is admitted to probate it must be proved to the satisfaction of the court that the tendered will has not been revoked by the testator. Where a lost will was in the possession of the testator or where he had ready access to it when it was last seen, the failure to produce it after his death raises a presumption that the testator destroyed it with intention to revoke it, and the burden is on the proponent to prove that the testator did not revoke it. But the presumption is otherwise where the will was in the possession of some person other than the testator when last seen. See Aschenbeck v. Aschenbeck, Tex.Civ.App., 62 S.W.2d 326, writ dismissed, and cases therein cited. In the case before us the will was lost, and there was no direct proof that the testator had not revoked it. The proponents sought to overcome the presumption arising from the failure to produce the will by proving that it was in the possession of B. W. Logan when it was last seen. The importance of Mr. Burch's testimony is thus apparent.

Appellants argue that Burch's testimony offended the provisions of Article 3716. Appellees argue to the contrary, contending that Mr. Burch had no interest in the cause in view of the fact that he had renounced his right to be appointed executor and had declared to the court that he would not serve as such.

In a proceeding to probate a will, the testimony of the executor named in the will as to transactions with or statements by the testator falls within the prohibition of Article 3716. McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421.

It is held that the person named in the will as executor is a proper person to apply for probate of the will, even though

he is incompetent to act as executor. Simmons v. Campbell, Tex.Civ.App., 213 S.W. 338, writ dismissed; Ratcliffe v. Seaboard Nat. Bank, Tex.Civ.App., 46 S.W.2d 750. For the same reason it should be said that the person named in the will as executor is a proper person to apply for its probate, even though he is unwilling to serve as executor. The authority to apply for probate of the will, plainly conferred on him by the statute, is not conditioned on his willingness to serve as executor, nor on his having an interest in the estate.

Under such cases as Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, a person once interested in the estate who has divested himself of all interest in the estate may become a competent witness despite the provisions of Article 3716. But we do not believe that Mr. Burch's renouncement of his right to appointment as executor was enough to bring his testimony within the rule of the Ragsdale case. He was a party to the litigation, even though he had no financial interest in the outcome of it. He actively sought probate of the will, under authority of Article 3339, and could have appealed from a judgment denying probate of the will. He was in the cause in a representative capacity. Although he had no personal interest, he was acting in behalf of those who were interested in the estate.

In Combs v. Howard, Tex.Civ.App., 131 S.W.2d 206, application to probate the will was filed by the person named in the will as executor. Thereafter he was permitted to withdraw as proponent of the will and as party to the cause on motion filed by him in which he declared that he would not serve as executor. It was held that his testimony was no longer prohibited by Article 3716, but the vital distinction between that case and the one before us is that here Mr. Burch did not withdraw as proponent of the will and as a party to suit, but actively sought probate of the will and was a party to the cause. On the first appeal we interpreted the record as showing that Mr. Burch had withdrawn as proponent of the will, and the Supreme Court appears to have reached the same conclusion. Appellees now argue in their briefs that Burch had never intended to withdraw as proponent. Whether or not he had withdrawn as proponent before the first appeal, he later filed a new pleading in the cause, again assuming the role of an active proponent of the will, and sought its probate. In none of the cases we have examined was the testimony of an executor allowed concerning transactions with or statements by the testator where he remained in the cause as a proponent of the will.

Whatever conflict there may be in the authorities in other states, and in Texas prior to McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421, it is now settled that Article 3716 is applicable in an action to probate a will. There is some language in Byrnes v. Curtin, Tex. Civ.App., 208 S.W. 405, which indicates a contrary rule, but the opinion in McKibban v. Scott necessarily overrules anything to the contrary in Byrnes v. Curtin.

Appellees also argue that the claimed error was harmless because there was other competent evidence showing that the will was last seen in the possession of Logan. While we doubt if it could properly be said in any event that the error should be treated as harmless, our review of the record convinces us that there is no evidence in the record, other than that of Mr. Burch, sufficient to show that the will was in the possession of Mr. Logan so as to raise a presumption that the testator had not revoked it. One witness, Mr. Cates, testified that he saw Bowers and Logan shortly after they had been to the lawyer's office, that Logan had some papers in his hands, and that in a later conversation Bowers told the witness that he had had his will made out on the day in question. We consider that this bit of testimony is wholly insufficient to show that Logan had Bowers' will in his possession at that time. The papers in Logan's hands, not being identified by the witness, might have been something other than Bowers' will. Two witnesses testified to remarks made by Bowers to the effect that he was not going to change his will, but such testimony did not prove the vital fact, to-wit, that the will had been in Logan's possession.

Appellees also urge that appellants' cross-examination of Mr. Burch constituted a waiver of their objection to his testimony. After carefully examining the record, we hold that there was no waiver of the objection, under authority of such cases as Cathey v. Missouri K. & T. Ry. Co. of Texas, 104 Tex. 39, 133 S.W. 417, 33 L.R.A.,N.S., 103; Stinnett v. Paramount-Famous Lasky Corp. of New York, Tex.Com. App., 37 S.W.2d 145; and Stanley v. Stanley, Tex.Civ.App., 139 S.W.2d 876. Objection made to the testimony of a witness is not waived by cross examining the witness on the facts theretofore elicited by opposing counsel.

The record contains evidence of declarations by Bowers to the effect that he was not going to change his will, but the fact remains that it was not found after his death, nor is there any competent evidence showing that the will had been in the possession of some other person, such as would raise a presumption that he had not destroyed it. In such state of the record, it must be held that reversible error was committed in the admission of Mr. Burch's testimony, and it must also be held that the proponents failed to discharge the general burden cast upon them by Article 3348.

In the special issue inquiring whether or not the testator had destroyed the will with intent to revoke it, the burden of proof was cast on the contestants to prove revocation. In our former opinion we held, following Aschenbeck v. Aschenbeck, supra, and similar cases, that the burden was on the contestants to prove revocation. Our holding, as was the holding in the Aschenbeck case, was made on the theory that the evidence showed without dispute that the will was last seen in Logan's hands. The general burden of proving that the will has not been revoked is on the proponent in any proceeding to probate a will. In the cases involving lost wills, in view of the presumptions mentioned earlier in this opinion, the burden is on the proponent to prove that the will has not been revoked, where it was in the possession of the testator or in some place where the testator had access to it, but the burden is on the contestants to prove that it has been revoked where it was last seen in the hands of a person other than the testator. Reference is made to the cases cited above for fuller statements of the rules. If there should be a dispute on the next trial as to whether the will was last seen in the hands of the testator or in Logan's hands, the jury will have to be advised as to the burden of proof by an appropriate instruction in the charge.

Appellants complain of the submission of certain issues on the ground that they pertained to matters which were not in dispute. No ruling on this contention is necessary in view of our disposition of the case, further than to say that the court should undertake to limit the issues to controverted questions of fact raised by the pleadings and the evidence, although it is not necessarily reversible error to submit uncontroverted issues. 41 Tex.Jur., pp. 1026-27. Also, the court should submit only the ultimate or controlling issues, as distinguished from those which are merely evidentiary. Id., page 1016 et seq.

Without fully discussing the matter involved, we suggest that the instruction in the court's charge complained of in appellants' ninth point of error perhaps might better have limited the jury's consideration of the document therein mentioned to the question of whether or not the testator had destroyed his will with intent to revoke it. We further suggest that instead of saying that the document had not been executed as required by law, it would have been more nearly accurate to instruct the jury to the effect that the document, whether signed by Bowers or not, was not executed in a manner sufficient to constitute a revocation of the will sought to be probated.

We do not see reversible error in the refusal of the court to permit proof as to the reputation of the witness Mrs. Simmons for honesty and fair dealing. Appellees' pleadings did not, as we read them, charge Mrs. Simmons with having forged the signature of W. W. Bowers to the instrument referred to in appellants' tenth point of error, but only charged that it was not signed by Bowers. We overrule the tenth point, and for the same reason, the eleventh point of error.

The twelfth point of error, complaining because the costs were adjudged against appellants, becomes immaterial since the judgment is being reversed.

Complaint is made because the judgment of the district court ordered the probate court to appoint an administrator with the will annexed. If on another trial the will should be probated, it seems to us that appointment of an administrator with the will annexed would properly follow.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.