LOGSDON v. SEGLER.

No. 12020.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1949.

Rehearing Denied Dec. 28, 1949.

J. M. Burnett, Mission, Parker, Smith & Rice, San Antonio, for appellant.

W. Pat Camp, San Antonio, Charles F. Guenther, Jr., San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order of the district court refusing the application of William H. Logsdon to probate a written instrument dated January 8, 1948, as the last will and testament of John H. Segler, deceased. The application was resisted by Ada Segler, the surviving widow and sole heir at law of John H. Segler. It also appears that Ada Segler was named as executrix and sole beneficiary of her husband's estate under a will dated July 30, 1924, and upon refusal of the application relating to the 1948 will, the court ordered the 1924 will probated.

The judgment was based upon jury findings that on January 8, 1948, John H. Segler lacked testamentary capacity and was induced to sign the written instrument bearing said date by undue influence brought to bear upon Segler by appellant, Logsdon.

Appellant contends that the court improperly prevented his attorney from making a legitimate and permissible argument to the jury and that certain remarks of appellee's attorney made in connection with the argument attempted by counsel for appellant constituted reversible error.

W. R. Smith, Jr., Esquire, represented the appellant and W. Pat Camp, Esquire, represented the appellee.

The bill of exceptions contained in the transcript discloses that the following colloquy took place between the attorneys for the parties during the course of Mr. Smith's argument to the jury:

"Mr. Smith (addressing the jury): Where was Mrs. Segler when they were trying to prove their case? Her lawyer had prepared her petition claiming that her husband lacked testamentary capacity when he made his last will. She had been married to him nearly fifty years and is bound to know more about him and the condition and state of his mind when he made this will than any one else on earth. She was a spectator throughout the trial and was vitally interested in the outcome of this case. Perhaps she couldn't bring herself to the point of getting up under oath and swearing that her husband was of unsound mind when he signed that will, or at any other time—that he lacked testamentary capacity as it has been defined by the court. —She didn't do so, anyway.

"Mr. Camp: Your Honor, we object to counsel's reference to Mrs. Segler's failure to testify. Article 3716 prohibits her testifying and had she testified it would have constituted reversible error.

"Mr. Smith: Article 3716 does not so provide. She would have been a competent witness and could testify to any material facts so long as we didn't object on the ground of Article 3716. Our client testified fully. No statute cut him off. You didn't know whether we would have raised the question or not.

"Mr. Camp: You know very well you had a right yourself to call her as a witness to transactions with her husband. We want our Bill to counsel's remarks.

Mr. Smith: Take your Bill.

"Mr. Camp: The Court grants the Bill, not you, Mr. Smith.

"The Court: The objection is sustained. Gentlemen of the Jury, your are instructed not to consider Mr. Smith's reference to Mrs. Segler's failure to testify.

"Mr. Camp: We desire our Bill even though the Court has instructed the jury:

"Mr. Smith: The Proponent excepts to Mr. Camp's remarks and to the Court's ruling and instruction."

■ Mrs. Segler was not competent to testify as to her deceased husband's mental condition because of the provisions of the dead man's statute, Article 3716, Vernon's Ann.Civ.Stats., which reads as follows: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

See Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185; McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421.

■ The bar of the statute may be waived by the opposing party, Farias v. Salas, Tex.Civ.App., 244 S.W. 1115; McCormick and Ray, Texas Law of Evidence, p. 245, § 162, but the bill of exception fails to show that the appellant, Logsdon, waived the statutory bar in this case. Ordinarily, the failure of a party to testify in a civil case is a legitimate subject of comment by counsel in arguing to a jury, Sullivan v. Fant, Tex.Civ.App., 160 S.W. 612; McCormick and Ray, Texas Law of Evidence, p. 113, § 61, 41 Tex.Jur. 785, § 66, but this rule does not apply when a party is precluded from testifying by a statutory enactment. Here counsel's comments were not directed to matters about which Mrs. Segler was competent to testify, but related to her failure to testify as to the mental condition of her husband—a matter clearly within the bar of the statute.

■ Because the disqualification imposed by Article 3716 may be waived, appellant takes the position that Mrs. Segler was a competent witness as to her husband's mental condition until he objected to her testifying in regard thereto. Appellant did not object to such testimony for the reason that Mrs. Segler never took the witness stand. In our opinion she was not required to take the witness stand and offer to testify as to her deceased husband's mental condition in order to avoid the type of argument attempted in this case. It is true, as stated by appellant, that upon the trial of this case appellee did not know whether an objection based upon Article 3716 would be lodged against her testimony or not. However, the statute by its wording raised at least a prima facie disqualification against her testifying. She was entitled to base her trial strategy upon the theory that the disqualification would persist and was not required to inquire of appellant as to whether or not he would waive the statutory disqualification, nor was she required to take the stand and attempt to testify as to matters proscribed by the statute in order to ascertain appellant's intention in regard to the matter.

■ The holding of the Supreme Court in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, makes it clear that neither side is to gain an argumental advantage because of the operation of the statute. If one party is not allowed to state that he would testify fully and completely except for the statute, then the opposite party should not be allowed to comment upon his adversary's adopting a different course and not testifying because of the statutory bar.

We hold that the bill of exceptions discloses no reversible error. The judgment is affirmed.