Jewel CURTIS et al., Appellants,

v.

Tafida Farida CURTIS, Appellee.

No. 3840.

Court of Civil Appeals of Texas.

Eastland.

Nov. 22, 1963.

Rehearing Denied Dec. 20, 1963.

Lynch & Chappell, Midland, Bruce Graham and Wm. C. Parker, Greenville, for appellants.

H. S. Harris, Jr., and Tom Parker, Midland, for appellee.

GRISSOM, Chief Justice.

Jewel Curtis and Mrs. Addie Curtis, sister and mother, respectively, of J. B. Curtis, Jr., deceased, sought to probate a writing which they alleged was his will. They alleged that it was executed about the 12th of October, 1958, and that they were heirs of deceased and devisees in said will and that his widow, Tafida Curtis, was also an heir. Jewel Curtis also sought appointment as administratrix of said estate with the will annexed. Said application was contested by Tafida Farida Curtis, widow of the deceased, who alleged that she was the duly qualified and acting administratrix of said estate. She denied that her husband left a will. She denied that the instrument tendered for probate was testamentary in character or that it disposed of deceased's property. The court sustained the contestant's motion for an instructed verdict and rendered judgment denying the application of the sister and mother to probate the writing as the will of J. B. Curtis, Jr. Said applicants have appealed.

The writing offered for probate is as follows:

"JEWEL & MOTHER GET ½ OF STOCK SALES
JEWEL & MOTHER GETS HER $11,000 CHECK CASHED.
JEWEL & MOTHER GET GREENVILLE PROPERTY
LITTLE BRICK HOUSE
½ OF OIL PROPERTIES
½ BANK ACCT.
                    J. B. CURTIS, JR."

Over the words "check cashed" there had been written "paid 10/28/58." There was evidence that established, or from which a jury could have found, that said instrument was wholly in the handwriting of and signed by the deceased. It was not dated.

The only evidence offered that this writing was intended by deceased as a will was that of Jewel Curtis, who offered to testify that she saw deceased write it at her home; that he gave it to her, stating it was his will and that he intended to thus dispose of his property at his death. There was no other testimony offered which tended to show that this instrument was intended as a will. There was also offered and rejected the testimony of Overstreet, a disinterested witness who was not a party to the suit, to the effect that more than four years prior to execution of the writing in question deceased stated to him that, because his father had died, he must have a will written and that, in 1959, more than four years later, the deceased stated that he had done so.

Appellants contend the court erred in sustaining appellee's motion for an instructed verdict and in refusing to admit the testimony of Jewel Curtis and Overstreet. Appellee's counter points are to the effect that the court did not err in so ruling because there was no probative evidence to identify the writing as a will and the proffered testimony of Jewel Curtis was inhibited by Article 3716, Vernon's Ann. Civ.St.

We think the court did not err in refusing to admit the testimony of Overstreet. It did not tend to show that the writing sought to be probated was intended by deceased as a will. Furthermore, if Overstreet's testimony should have been admitted its rejection was harmless to appellants because it did not identify the proffered writing, nor tend to show it was intended as a will. We overrule appellants' points of error and sustain appellee's stated counter points.

The instrument on its face does not purport to be a will. It does not purport to dispose of the property of J. B. Curtis, Jr., at his death. It is more reasonable to conclude therefrom that it was intended as a memorandum from which a will might be drawn, or of the manner in which he planned to dispose of his property in his life time. It is undisputed that the $11,000.00 check mentioned therein was cashed and the proceeds received by his sister and mother during his life time. The proffered testimony of Overstreet, if received, would not have identified this instrument as the will of the deceased. If it constituted any evidence on the issue it amounted to no more than a scintilla and came within the decision of the Supreme Court in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. If admissible, it was not of such character that its rejection was reasonably calculated to cause, or probably did cause, rendition of an improper judgment.

The appellants, as heretofore shown, alleged that the sister and mother were the legatees and heirs of the deceased. The sister sought to be appointed administratrix of the estate. In the absence of a will, the sister, mother and wife would have been heirs of the deceased. Probate Code Sec. 38(b), par. 2, V.A.T.S. The appellee, the widow of the deceased, alleged she was administratrix of the estate. It is evident that any judgment rendered would have bound said parties as heirs. The test is the effect of the judgment. Under this situa-

tion, the testimony of Jewel Curtis was inhibited by Article 3716. McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 215, 115 A.L.R. 1421; Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, 868; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951; See also 21 A.L.R.2d 347; Schelb v. Sparenberg, 133 Tex. 17, 124 S.W.2d 322, 326; Poole v. Starke, Tex.Civ.App., 324 S.W.2d 234, (Ref. N.R.E.); Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885; In re Boyd's Estate, (Sup.Ct. of Wyoming), 366 P.2d 336; In re Craft Estate, Tex.Civ.App., 358 S.W.2d 732, 733, (Ref. N.R.E.); Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935.

The judgment is affirmed.