**Elizabeth HOLT, Administrator, Appellant,**

v.

**Millard L. DRAKE, Appellee.**

**No. 4637.**

Court of Civil Appeals of Texas, Eastland.

Dec. 14, 1973.

Rehearing Denied Jan. 11, 1974.

Ralph W. Currie, Muse, Currie & Kohen, Dallas, for appellant.

Roy J. True and Norman A. Zable, Dallas, for appellee.

WALTER, Justice.

Millard L. Drake, Executor, probated the will of Eugene Dixon Duncan in the State of New Hampshire. Elizabeth Holt was appointed administratrix of the estate of Eugene Dixon Duncan in the probate court of Dallas County, Texas. Duncan's will was admitted to probate as a foreign will under Section 105, Texas Probate Code, V.A.T.S. Mrs. Holt has appealed.

She contends the Executor failed to secure a finding from the jury that Duncan was domiciled in Chester, New Hampshire, at the time of his death. Special Issue No. 1 and the jury's answer thereto is as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Eugene Dixon Duncan was domiciled in the state of New Hampshire at the time of his death on May 14, 1968?

Answer 'Yes' or 'No'

ANSWER: Yes"

The Executor pleaded that at the time of Duncan's death he resided and had his domicile in Chester, County of Rockingham, State of New Hampshire. The Administratrix pleaded that Duncan was domiciled in Dallas County, Texas at the time of his death. In Holland v. Jackson, 121 Tex. 1, 37 S.W.2d 726 (1931) the court said:

"The vital question presented for decision has reference to the power of the trial court, in view of the full faith and credit clause of the Federal Constitution (article 4, § 1) and of the act of Congress pursuant thereto (28 USCA § 687), to re-examine matters of fact whose adjudication is purported by the order of probate entered by the California court. The question goes primarily to the matter of jurisdiction in the California court to establish the authenticity of Jackson's purported will, as against the world. *It is fairly well settled by the weight of authority in this country that jurisdiction of the original probate of a will is possessed exclusively by the courts of the state where the testator was domiciled when he died.* When the will is regularly probated there, the constitutional provision under consideration requires all sister states to give full faith and credit to the order of probate as verifying the instrument. In such a case, the question of authenticity of the instrument would *be res adjudicata; but the question as to the legal effect of the instrument would* not be. Inasmuch, however, as jurisdiction of original probate depends on the domicile of the testator, the question of domicile is always open for the re-examination whenever full faith and credit is demanded in one state for an order of probate entered in another state." (emphasis ours)

The cases cited by appellant do not support her contention that the court erred in not asking the jury whether or not Duncan was domiciled in Chester, New Hampshire, at the time of his death. It was not necessary to secure a finding as to the city within the state of New Hampshire in which Duncan maintained his domicile at the time of his death. The finding that he was domiciled in the state of New Hampshire at the time of his death was sufficient. Holland v. Jackson, supra.

Appellant contends there is no evidence and insufficient evidence that at the time of his death Duncan had his domicile in

New Hampshire. She also contends such finding that Duncan was domiciled in New Hampshire at the time of his death is against the great weight and preponderance of the evidence.

". . . In Olds v. Taylor, 180 S.W.2d 511 (Tex.Civ.App.—Waco 1944, writ ref'd), the court stated:

'Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the Court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' "

We have disregarded all evidence as to domicile except that which supports the finding that Duncan was domiciled in the state of New Hampshire at the time of his death, and find some evidence of probative force that supports the verdict. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950).

■ We have considered the entire record and hold that the finding that Duncan was domiciled in New Hampshire at the time of his death is not factually insufficient nor against the great weight and preponderance of the evidence.

The court gave the following definition of domicile:

"In connection with the following Special Issue, you are instructed that 'Domicile' is the legal conception of home, and the relation created by law between an individual and a particular locality or country. 'Domicile' is a place where a person has his true, fixed and permanent home and principal establishment and to which, whenever he is absent, he has the intention of returning.

While 'Domicile' and 'Residence' are synonymous, they do not have the same legal meaning. 'Domicile' is a larger term, of more extensive signification, while 'Residence' is of a more temporary character. One may have a residence in one place while being domiciled in another, and may have more than one residence at the same time, but only one domicile. Residence simply requires bodily presence, as an inhabitant in a given place; while domicile requires, in addition, the intention to make it one's domicile."

Substantially the same definition was approved by the court of Civil Appeals in Stone v. Phillips, 171 S.W.2d 156 (Tex. Civ.App. Amarillo, 1943), and affirmed by the Supreme Court in 142 Tex. 216, 176 S.W.2d 932.

■ We find no merit in appellant's contention that the second paragraph constitutes a comment on the weight of the evidence and amounts to a general charge.

Millard L. Drake, the duly appointed, qualified and acting Executor of the estate of Eugene Dixon Duncan, deceased, was permitted to testify about conversations he had with the deceased. The appellant objected to such testimony on the ground that it was in violation of the "Dead Man's Statute", Article 3716, Vernon's Ann.Tex. Civ.St. In McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213 (1938) the Supreme Court said:

"It is settled as the law of this state that the test furnished by article 3716, supra, embraces not only the capacity of the parties, but also the effect of the judgment of which the suit admits. If the action be one by or against an heir, in which judgment may be rendered for or against him, as such, the statute applies. Spencer v. Schell, supra [107

Tex. 44, 173 S.W. 867]; Leahy v. Timon, supra [110 Tex. 73, 215 S.W. 951]."

Associate Justice, Ruel C. Walker of the Supreme Court has written a treatise on the Dead Man's Statute which appears in Volume 27, No. 5, May 22, 1964 issue of the Texas Bar Journal at page 315. He said in part as follows:

"When the final clause is transposed, Article 3716 naturally falls into four divisions, each of which covers one of the factors which must be considered in determining the application of the statute in particular cases. These four factors are: the action, the witness, the testimony and waiver. A witness is not incompetent to testify unless the action, the witness and the testimony all fall within the terms of the statute, and there has been no waiver of its provisions by the adverse party. . ."

". . . If an heir, executor or administrator of the decedent, or guardian of the ward, is not a party to the suit, the statute simply does not apply. Aside from this requirement, *however, there is nothing in the language of Article 3716 to confine its operation to any particular character of action, and no case has been found which does so.* Its provisions have been held to apply in a wide variety of legal proceedings." (emphasis added)

In Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298 (Tex.Comm.App.1921) the Commission of Appeals said:

". . . The object of the statute was to prohibit the interested heirs and legal representatives from testifying to any facts, or opinions, based upon observations arising out of any transaction with the decedent which the decedent could, if living, contradict or explain. Death having sealed the lips of one of the parties, the law, for reasons founded upon public policy, seals the lips of the other."

In Thomason v. Burch, 223 S.W.2d 320 at page 323 (Tex.Civ.App. Forth Worth, 1949, writ ref. n. r. e.) the court said:

"Whatever conflict there may be in the authorities in other states, and in Texas prior to McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421, it is now settled that Article 3716 is applicable in an action to probate a will."

In Chamberlain v. Robinson, 305 S.W.2d 817 (Tex.Civ.App. Dallas 1957, refused) the court said:

"The rule prohibiting parties from giving testimony as to transactions with, or statements by, deceased, is applicable to an executor or administrator who is a party to the suit. Simpson v. Brotherton, 62 Tex. 170; McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L. R. 1421."

■ We are of the opinion that the court erred in overruling the appellant's objection to such testimony. The rule prohibits an executor from giving testimony as to any transaction with or statements by the decedent.

The judgment is reversed and the cause is remanded.

## ON APPELLANT'S MOTION FOR RE-HEARING

Appellant's motion for rehearing complains about our failure to consider and write on his point of error number nine in his original brief. We reversed and remanded the case and did not consider it necessary to pass upon this point. We have now considered the point and find no merit in it.

Appellant's motion for rehearing is overruled.